**THE SEHAT LAW FIRM, PLC**
Cameron Sehat, Esq. (SBN 256535)
18881 Von Karman Ave., Suite 850
Irvine, CA 92612
Telephone: (949) 825-5200
Facsimile: (949) 313-5001
Cameron@sehatlaw.com

Attorney for Plaintiff, Juan Frias, individually and as successor-of-interest on behalf of Cesar Frias

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN FRIAS, individually and as successor-of- interest on behalf of the estate of CESAR FRIAS;<br><br>Plaintiff,<br><br>v.<br><br>CITY OF LOS ANGELES; ENRIQUE ANZALDO, and DOES 1 through 10,<br><br>Defendants. | CASE NO. _____<br><br>**COMPLAINT FOR DAMAGES:**<br><br>**1. Unreasonable Search and Seizure – Excessive Force (42 U.S.C. § 1983)**<br><br>**2. Municipal Liability for Custom, Policy etc.- Monell (42 U.S.C. § 1983)**<br><br>**3. Negligence**<br><br>**4. Wrongful Death**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Juan Frias ("Plaintiff"), upon information and belief, alleges the following:

## INTRODUCTION

1. This case challenges the unjustified shooting and death of Cesar Frias

1  (" FRIAS" or "Decedent") by the defendant City of Los Angeles ("Los Angeles"),
2  and defendant Enrique Anzaldo and DOES 1 through 10. At the time of the shooting,
3  FRIAS was unarmed when, without justification, defendant Anzaldo discharged his
4  weapon at close range and killed him. Defendants had no probable cause to believe
5  that FRIAS had threatened or was in the process of threatening anyone's life or
6  physical safety with any force whatsoever. Neither had FRIAS committed any
7  aggressive act at the Defendants, as claimed, to justify any type of lethal force used
8  against him.

9      2.    The use of lethal force against FRIAS killing him was unconstitutional,
10 not of last resort, and violated clearly established law that would have been known to
11 any reasonable police officer.

12     3.    The pre-shooting tactical measures utilized were grossly negligent
13 directly resulting in FRIAS losing his life.

## JURISDICTION AND VENUE

15     4.    This case arises under the Fourth and Fourteenth Amendments to the
16 United States Constitution pursuant to 42 U.S.C. §1983 to redress injuries and death
17 suffered by FRIAS at the hands of Defendants. This Court has subject matter
18 jurisdiction over this action pursuant to 28 U.S.C. §1331.

19     5.    Plaintiff's claims brought under California state law arise out of the
20 same transactions and occurrences, and out of a common nucleus of operative facts,
21 as the plaintiffs' federal questions claims, this Court has subject matter jurisdiction
22 over plaintiff's pendent state law claims pursuant to 28 U.S.C. § 1367.

23     6.    By a government claim form dated April 19, 2016, pursuant to
24 Government Code § 911.2, Plaintiff sent defendant Los Angeles a Claim for
25 Damages regarding the violations of FRIAS' constitutional rights. The claim stated
26 the time, place, cause, nature and extent of FRIAS' injuries.

27     7.    On May 5, 2016, Los Angeles, through its City Attorney, sent a letter to
28 Plaintiff's counsel rejecting the Claim for Damages.

8. Venue is proper in this District pursuant to 28 U.S.C. §1391 (b) and (e) in that (1) the unlawful actions challenged herein occurred in the Central District; and (2) all of the parties reside in the Central District.

## PLAINTIFF

9. Plaintiff, Juan Frias, at all relevant times was a resident of the County of Los Angeles, State of California. Plaintiff was the father of FRIAS.

10. Decedent FRIAS claims through his successor-in-interest, his sole living parent, Juan Frias ("Plaintiff"). He had no children.

## DEFENDANTS

11. Each named defendant is a natural person except for defendant Los Angeles. The Los Angeles Police Department ("LAPD"), at all times herein mentioned was, a subdivision of defendant Los Angeles. Plaintiff is informed and believes that at least some of the police officers involved in this matter were from the Mission Community Police Station of the LAPD.

12. Defendant Enrique Anzaldo, hereinafter referred to as "ANZALDO", was a Los Angeles Police Department Officer "III" and had been engaged within the scope of his employment at all times relevant in this complaint.

13. Defendant DOE "1" was a LAPD police officer employed by defendant Los Angeles at all times herein mentioned.

14. Plaintiff is unaware of the true identities and capacities of defendants DOES 2 through 10 but upon information and belief, said DOES are employees of Los Angeles, inclusive. Each of the fictitiously named defendants is in some manner and to some extent liable for the injuries alleged in this Complaint. Plaintiff will seek leave to amend this Complaint to allege the true identities and capacities of those fictitiously named defendants when they are determined.

15. At all relevant times, unknown named defendants were officers of LAPD and employees of the Los Angeles. Liability under California law for defendant Los Angeles and its employees, including the unknown named DOES, is

based upon California Government Code § 815.2 and § 820 and/or Civil Code §§ 43. Plaintiffs timely filed a tort claim with defendant Los Angeles and have complied with the requirements of the California Tort Claims Act.

16. Each defendant is, and at all times mentioned was, the agent, employee, representative, successor and/or assignee of each other defendant. At all times herein mentioned, each and every defendant herein had the legal duty to oversee and supervise the hiring, conduct, employment and discipline of each and every other defendant herein. Each defendant, in doing the acts, or in omitting to act as alleged in this complaint, was acting within the scope of his or her actual or apparent authority, or the alleged acts and omission of each defendant as agent subsequently were ratified and adopted by each other defendant as principal.

17. At all times relevant to this Complaint, each defendant acted under the color of state law.

18. Each of the individual defendants was in some way responsible for the constitutional violations alleged in this complaint.

19. In committing the acts alleged in this complaint defendants acted knowingly, maliciously and with reckless or callous disregard for the constitutional rights of Plaintiffs' Decedent justifying an award of punitive damages under federal and California law against each individual defendant.

## FACTUAL ALLEGATIONS

20. Plaintiff's son, FRIAS, was experiencing mental disorders and in late March 2016 he became suicidal and wound up being hospitalized for around a week, finally being released on or around April 4, 2016 from Henry Mayo Newhall Memorial Hospital.

21. On the night of April 5, 2016, while at home in Sylmar, California, FRIAS was experiencing a serious schizophrenic episode in the presence of Plaintiff, his father. This concerned Plaintiff greatly and he telephoned 9-1-1 for medical assistance, requesting that his son be immediately taken to the hospital.

22. Sometime after placing the emergency call, officers of the LAPD-Mission Community Police Station arrived at the Sylmar residence. They informed FRIAS that they wanted to take him to the hospital. FRIAS refused to go. At no time did FRIAS ever threaten any violence to anyone including the police and himself.

23. At some point Mr. Frias grabbed possibly two ordinary kitchen knives or a pair of scissors and barricaded himself alone inside his bedroom. He kept on repeating that he did not want to go to the hospital. At some point after that an LAPD SWAT team arrived, including a negotiator. In all, Plaintiff is informed and believes that fifteen to twenty police officers were at the scene although FRIAS was not in possession of any firearm, had not committed any crime and had not threatened violence to anyone. During this time the officers on the scene seemed to be exhibiting a callous indifference to the situation, casually joking with one another. This was around 8:30 or 9:00 p.m.

24. A sledge hammer was unsuccessfully used to beat down FRIAS' bedroom door. The bedroom had a large window facing the yard. The police managed to park a vehicle at an angle in front of the window. DOE 1 thereafter proceeded to shoot through the window, at close proximity, ten to fifteen rounds from a beanbag gun at FRIAS. Plaintiff does not know whether any of the beanbags hit their intended target. A taser was attempted to be shot at FRIAS. Plaintiff does not know whether the attempt was successful. At some point during DOE's 1 shooting rampage, an LAPD supervisor approached him and told him "that's enough!" referring to the fact that the beanbag shots were clearly ineffective at subduing FRIAS.

25. Since FRIAS posed no physical danger to anyone, the use of the beanbag gun and taser weapon was unreasonable and excessive. At around 2:00 a.m. on April 6, 2016, a tear gas canister was fired into the bedroom, causing FRIAS to flee out the window. Because of the angle of the police vehicle vis-à-vis the house

4

the front part of the vehicle was nearly touching the house, while the back part of the vehicle was at a much greater distance from the house. FRIAS chose to exit from the window to the part of the vehicle that was nearly touching the house. To escape he had to hop over the police vehicle and then found himself in the space between his residence and a neighbor's house.

26. While between houses and not posing a physical threat to anyone, ANZALDO discharged a firearm which fatally struck a scared FRIAS who is fleeing at such time.

27. ANZALDO's discharge of a lethal weapon was objectively unreasonable and excessive under the circumstances given that FRIAS's intention was to stay home and not be taken to the Hospital.

28. Immediately after the shooting, FRIAS laid helpless, was not attended nor assessed by any of the defendants for a period of time prior the arrival of paramedics.

29. FRIAS's body was eventually taken to Providence Holy Cross Medical Center in Mission Hills, California where he was pronounced dead at approximately 4:03 a.m. on April 6, 2016.

30. FRIAS was deprived of his interests protected by the Constitution or laws of the United States, and Defendants caused all such deprivations while acting under color of state law.

31. All acts or omissions alleged to have been engaged by any individual Defendants, including defendants ANZALDO and DOE 1 were committed with evil motive and intent, and in callous, reckless, and wanton disregard to the individual rights of FRIAS.

**COUNT ONE**
**UNREASONABLE SEARCH AND SEIZURE –EXCESSIVE FORCE**
**(42 U.S.C. § 1983)**
**(Against All Individual Defendants including DOES 1-10)**

32. The allegations set forth in paragraphs 1 through 31 are incorporated

5

herein by reference.

33. Defendants, while working as police officers for Los Angeles and acting within the course and scope of their duties, shot FRIAS multiple times with beanbags from a firearm and a shot or shots from a taser gun, and with at least one fatal shot from a firearm, all without any justification whatsoever and when FRIAS had not committed any crime. Defendants shot FRIAS multiple times while he posed no imminent physical threat to any officers or any member of the public. All aforementioned acts were in violation of FRIAS' right to be secure in his person against unreasonable seizure guaranteed by the Fourth Amendment to the United States Constitution.

34. As a result of their conduct, individual defendants, including DOES 1 and 2 are liable to Plaintiffs for any injuries to FRIAS and ultimately his death, either because they were integral participants in their reckless conduct and/or because they failed to summon emergency medical care to attempt to save his life.

35. Plaintiffs were informed and believe and hereon allege that the acts of the individual defendants were willful, malicious, intentional, oppressive, reckless and/or were done in willful and conscious disregard of his rights, welfare and safety, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at time of trial.

36. As a direct and legal result of defendants' acts and omissions, and the death of FRIAS, Plaintiff has suffered damages, including, without limitation, the loss of the companionship of FRIAS and the loss of his comfort, affection, society, and solace, and Plaintiff will continue to be deprived of the relationship of his son, and his comfort to the same extent as prior to his injuries and death, all to his general and special damages according to proof, including attorneys' fees, costs of suit, and other pecuniary losses not yet ascertained.

# COUNT TWO
# MUNICIPAL LIABILITY FOR POLICY, CUSTOM, ETC.
# (42 U.S.C. § 1983)
# (Against Defendant City of Los Angeles)

37. The allegations set forth in paragraphs 1 through 36 are incorporated herein by reference.

38. At all times herein mentioned, DOE 1 and DOES 2-10 were employees acting under the direction and control of defendant Los Angeles. Los Angeles knowingly and intentionally promulgated, maintained, applied, enforced and suffered the continuation of policies, customs, practices and usages in violation of the Fourth and Fourteenth Amendment to the United States Constitution. These customs, policies, practices and usages required and encouraged the employment, deployment and retention of persons, as peace officers, who have a propensity for violence, excessive force, dishonesty, and additional abuses of their duties as peace officers in the employment of Los Angeles.

39. Defendant Los Angeles knowingly maintained or permitted an official policy or custom of permitting the occurrences of the types of wrongs alleged herein by, among other things, failing and refusing to meaningfully investigate or discipline police officers known to have repeatedly violated the constitutional rights of the public.

40. Additionally, defendant Los Angeles has displayed deliberate indifference to the rights of citizens and, based upon the principles set forth in *Monell v. New York City Department of Social Services,* 436 U.S. 658 (1978), the City of Los Angeles is liable for all injuries sustained by plaintiff as set forth herein.

41. Defendant Los Angeles bears liability because its policies, practices and/or customs were a cause of plaintiff's injuries. Defendant Los Angeles and its officials maintained or permitted a policy, practice and custom of permitting, encouraging and ratifying the use of unnecessary and unreasonable force, false arrest and acting with reckless indifference to the constitutional rights of members of the

public by its police officers by, among other things:

    a. Failing to adequately train and supervise police officers with respect to constitutional limits on use of force, arrest, and detention;

    b. Failing to discipline officers known to have a propensity for violence, the use of unnecessary and unreasonable force, false arrest and/or dishonesty;

    c. Continuing to assign such officers to duties where they are likely to, and indeed do, injure members of the public;

    d. Writing false reports and giving false testimony to cover up acts of misconduct, including, but not limited to, the use of unnecessary force, false arrest and/or dishonesty by its officers and thereby conveying to them its approval and/or lack of concern about police misconduct;

    e. Refusing to discipline adequately individual officers and employees found to have committed similar acts of abuse and misconduct;

    f. Refusing to investigate competently and impartially allegations of abuse and misconduct alleged to have been committed by Los Angeles Police Department officers, including the allegations made by plaintiff in this case;

    g. Planting evidence or withholding evidence in favor of the participant officers to favor the same officers' version of the police misconduct.

    h. Reprimanding, threatening, intimidating, demoting firing and otherwise retaliating against officers who reported acts of abuse by other officers;

    i. Rewarding police officers who displayed aggressive and abusive behavior toward detainees, arrestees, and members of the public;

    j. Condoning and participating in the practice of reducing or dismissing criminal charges against individuals in return for releasing the City of Los Angeles and employees of the Los Angeles Police Department from civil liability;

    k. Condoning and encouraging officers' beliefs that they can violate the rights of persons such as the plaintiff's decedent with impunity, and that such conduct will not adversely affect their opportunities for promotion and other employment

benefits.

l. Promoting and/or acquiescing in the policy of stopping, detaining, questioning, arresting and shooting members of the public without probable cause or reasonable suspicion;

m. Sanctioning, condoning and approving a department wide code of silence, a euphemism for perjury and dishonesty by peace officers;

n. Ratifying by the highest levels of authority the specific unconstitutional acts alleged in this complaint.

42. On or about April 5, 2016 and for some time prior thereto, Defendant Los Angeles knew or should have known, that defendants DOEs 1-10 had propensities for violence, dishonesty, and for abusing their authority but failed to discipline, and ratified, acquiesced in, authorized or directed the violent acts and abuses of power committed by these officers.

43. As a direct and legal result of the aforementioned wrongful acts of the individual defendants, and the aforementioned policy, pattern, practice or custom of Los Angeles, Defendants violated the rights of FRIAS as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

44. Defendant's acts and omissions as herein alleged proximately caused FRIAS' death.

45. By reason of the aforementioned acts and omissions of defendants, and the ensuing death of FRIAS, Plaintiff has suffered damages, including, without limitation, the loss of companionship of FRIAS, the loss of his comfort, affection, society, and solace, and will continue to be deprived of the relationship of his son, and his comfort to the same extent as prior to his injuries and death, all to his general and special damages according to proof, including attorneys' fees, costs of suit, and other pecuniary losses not yet ascertained.

46. By reason of the aforementioned acts and omissions of defendants, Plaintiff was compelled to secure the services of an attorney to redress the wrongs

described herein. As a result, Plaintiffs is indebted and liable for legal costs, including attorneys' fees.

## COUNT THREE
## NEGLIGENCE
### (Against All Defendants)

47. The allegations set forth in paragraphs 1 through 46 are incorporated herein by reference.

48. Defendants owed a duty of care toward FRIAS and were required to use reasonable diligence to ensure that FRIAS was not harmed by defendants' acts or omissions. Defendants' actions and omissions were negligent and reckless, including but not limited to:

    a. the failure to properly assess the need to use lethal force against FRIAS;

    b. the negligent tactics and handling of the situation with FRIAS;

    c. the negligent use of force against FRIAS;

    d. the failure to properly train, supervise and discipline employees, including the individual defendants;

    e. the negligent treatment of FRIAS after he received gunshot wounds;

    f. the failure to provide timely medical assistance to FRIAS; and

    g. the negligent hiring, retention and assignment of its employees, including the individual defendants.

    h. the negligent handling of the FRIAS' post shooting medical assessment and care;

49. Defendants' conduct caused Plaintiff, without limitation, the loss of FRIAS' companionship, the loss of his comfort, affection, society, and solace, and he will continue to be deprived of the relationship of his son, and his comfort to the same extent as prior to his injuries and death, all to his general and special damages according to proof, including attorneys' fees, costs of suit, and other pecuniary losses not yet ascertained.

50. As a direct and legal result of their conduct, defendants are liable for

Plaintiff's damages, either because they were integral participants in the negligence, or because they failed to intervene to prevent these violations.

## COUNT FOUR
## WRONGFUL DEATH
### (Against All Defendants)

51. The allegations set forth in paragraphs 1 through 50 are incorporated herein by reference.

52. Defendants Los Angeles and DOES 1-10, while acting in the scope of their authority as against any employees of Los Angeles, and with their permission and consent, did so negligently plan and shoot FRIAS, multiple times, while he was unarmed and posed no danger to anyone.

53. Prior his death, FRIAS, had been providing financial support to Plaintiff. FRIAS further provided emotional support and maintained a relationship with Plaintiff.

54. As a proximate result of the negligence of Defendants, and each of them, and the death of FRIAS, Plaintiff has suffered the decedent's loss companionship, comfort, affection, society, and solace, and will continue to be deprived of the relationship of his son, and his comfort to the same extent as prior to his injuries and death, all to his general and special damages according to proof, including attorneys' fees, costs of suit, and other pecuniary losses not yet ascertained.

55. As a further proximate result of the negligence of Defendants, and each of them, Plaintiff has incurred funeral and burial expenses.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests entry of judgment in his favor and against Defendants as follows:

   a. For compensatory damages, including pain and suffering and for the deprivation of civil rights under federal and state law, and interest, in an

amount no less than $10,000,000;

b. For punitive damages against individual defendants in an amount to be proven at trial;

c. For funeral and burial expenses to be determined according to proof at trial;

d. For reasonable costs of this suit and attorneys' fees pursuant 42 U.S.C. § 1988; and

d. For such further relief as the Court may deem just, proper, and appropriate.

Dated: June_24, 2016                    THE SEHAT LAW FIRM PLC

By: _____
Cameron Sehat, Esq.
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby respectfully demands a trial by jury.

Dated: June 24, 2016

THE SEHAT LAW FIRM PLC

By: _____
Cameron Sehat, Esq.
Attorney for Plaintiff