# EXHIBIT A

1   Dale K. Galipo, Esq. (Bar No. 144074)
2   dalekgalipo@yahoo.com
    LAW OFFICES OF DALE K. GALIPO
3   21800 Burbank Boulevard, Suite 310
    Woodland Hills, California 91367
4   Telephone: (818) 347-3333
    Facsimile: (818) 347-4118

THE SEHAT LAW FIRM, PLC
Cameron Sehat, Esq. (SBN 256535)
18881 Von Karman Ave., Suite 850
Irvine, CA 92612
Telephone: (949) 825-5200
Facsimile: (949) 313-5001

5                 **UNITED STATES DISTRICT COURT**

6                 **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 7   L.D., a minor, by and through her guardian *ad litem* Desiree DeLeon, individually and as successor-in-interest to Cesar Frias, deceased,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF LOS ANGELES, ENRIQUE ANZALDO, ENRIQUE ANZALDO, LEON MAYA; RUBEN LOPEZ; SYNTHIA LEE; BRUCE ADAM; GUY DOBINE; JOE DOMINGUEZ; JAMES HART; JOSEPH GOOSBY; DAIN HURST<br><br>Defendants.<br>_____<br>JUAN FRIAS, individually,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF LOS ANGELES, ENRIQUE ANZALDO, LEON MAYA; RUBEN LOPEZ; SYNTHIA LEE; BRUCE ADAM; GUY DOBINE; JOE DOMINGUEZ; JAMES HART; JOSEPH GOOSBY; DAIN HURST<br><br>Defendants. | Case No. 2:16-cv-04626-PSG (SKx)<br><br>**FIRST AMENDED CONSOLIDATED COMPLAINT FOR DAMAGES**<br><br>1. Fourth Amendment—Detention and Arrest (42 U.S.C. § 1983)<br>2. Fourth Amendment—Excessive Force (42 U.S.C. § 1983)<br>3. Fourth Amendment—Denial of Medical Care (42 U.S.C. § 1983)<br>4. Substantive Due Process (42 U.S.C. § 1983)<br>5. Municipal Liability—Ratification (42 U.S.C. § 1983)<br>6. Municipal Liability—Inadequate Training (42 U.S.C. § 1983)<br>7. Municipal Liability—Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)<br>8. False Arrest/False Imprisonment<br>9. Battery (Wrongful Death)<br>10. Negligence (Wrongful Death)<br>11. Violation of Cal. Civil Code § 52.1<br><br>**DEMAND FOR JURY TRIAL** |

**FIRST AMENDED CONSOLIDATED COMPLAINT FOR DAMAGES**

COME NOW, Plaintiffs L.D., a minor, by and through her guardian *ad litem* Desiree DeLeon, individually and as successor-in-interest to Cesar Frias, deceased, and JUAN FRIAS, individually, for their Complaint against Defendants City of Los Angeles, Enrique Anzaldo, Leon Maya; Ruben Lopez; Synthia Lee; Bruce Adam; Guy Dobine; Joe Dominguez; James Hart; Joseph Goosby; Dain Hurst, and allege as follows:

## JURISDICTION AND VENUE

1.      This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiffs assert claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution.  This Court has supplemental jurisdiction over Plaintiffs' claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

2.      Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

## INTRODUCTION

3.      This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the fatal officer-involved shooting of Plaintiff's father, and son Cesar Frias ("DECEDENT"), on April 5, 2016.

1

**PARTIES**

2      4.      At all relevant times, Decedent Cesar Frias was an individual residing

3   in the City of Los Angeles, California.

4      5.      Plaintiff L.D. is a minor individual residing in the City of Los Angeles,

5   California and is the natural daughter of DECEDENT.  L.D. sues both in her

6   individual capacity as the daughter of DECEDENT and in a representative capacity

7   as a successor-in-interest to DECEDENT pursuant to California Code of Civil

8   Procedure § 377.60.  L.D. seeks both survival and wrongful death damages under

9   federal and state law.

10     6.      Plaintiff JUAN FRIAS is an individual residing in the City of Los

11   Angeles, California and is the natural father of DECEDENT.  FRIAS sues in his

12   individual capacity as the father of DECEDENT FRIAS seeks wrongful death

13   damages under federal and state law.

14     7.      At all relevant times, Defendant CITY OF LOS ANGELES ("CITY")

15   is and was a municipal corporation existing under the laws of the State of California.

16   CITY is a chartered subdivision of the State of California with the capacity to be

17   sued. CITY is responsible for the actions, omissions, policies, procedures, practices,

18   and customs of its various agents and agencies, including the Los Angeles Police

19   Department ("LAPD"), and its Metropolitan Division, Special Weapons and Tactics

20   ("SWAT"), and its agents and employees.  At all relevant times, Defendant CITY

21   was responsible for assuring that the actions, omissions, policies, procedures,

22   practices, and customs of the LAPD and its employees and agents complied with the

23   laws of the United States and of the State of California.  At all relevant times, CITY

24   was the employer of Defendants ENRIQUE ANZALDO ("ANZALDO"), LEON

25   MAYA ("MAYA"); RUBEN LOPEZ ("LOPEZ"); SYNTHIA LEE ("LEE");

26   BRUCE ADAM ("ADAM"); GUY DOBINE ("DOBINE"); JOE DOMINGUEZ

27   ("DOMINGUEZ"); JAMES HART ("HART"); JOSEPH GOOSBY ("GOOSBY");

28

DAIN HURST ("HURST") (hereinafter collectively referred to as "the individual defendants").

8.  ANZALDO is an officer working for the CITY, through his employment with the LAPD and its SWAT team.  At all relevant times, ANZALDO was acting under color of law within the course and scope of his duties as an officer for the LAPD and its SWAT team.  Also at all relevant times, ANZALDO was acting with the complete authority and ratification of his principal, Defendant CITY.

9.  HART is an officer working for the CITY, through his employment with the LAPD and its SWAT team.  At all relevant times, HART was acting under color of law within the course and scope of his duties as an officer for the LAPD and its SWAT team.  Also at all relevant times, HART was acting with the complete authority and ratification of his principal, Defendant CITY.

10.  GOOSBY is an officer working for the CITY, through his employment with the LAPD and its SWAT team.  At all relevant times, GOOSBY was acting under color of law within the course and scope of his duties as an officer for the LAPD and its SWAT team.  Also at all relevant times, GOOSBY was acting with the complete authority and ratification of his principal, Defendant CITY.

11.  LOPEZ is an officer working for the CITY, through his employment with the LAPD and its SWAT team.  At all relevant times, LOPEZ was acting under color of law within the course and scope of his duties as an officer for the LAPD and its SWAT team.  Also at all relevant times, LOPEZ was acting with the complete authority and ratification of his principal, Defendant CITY.

12.  DOBINE is an officer working for the CITY, through his employment with the LAPD and its SWAT team.  At all relevant times, DOBINE was acting under color of law within the course and scope of his duties as an officer for the LAPD and its SWAT team.  Also at all relevant times, DOBINE was acting with the complete authority and ratification of his principal, Defendant CITY.

13.     ADAM is an officer working for the CITY, through his employment with the LAPD and its SWAT team.  At all relevant times, ADAM was acting under color of law within the course and scope of his duties as an officer for the LAPD and its SWAT team.  Also at all relevant times, ADAM was acting with the complete authority and ratification of his principal, Defendant CITY.

14.     MAYA is an officer working for the CITY, through his employment with the LAPD and its SWAT team.  At all relevant times, MAYA was acting under color of law within the course and scope of his duties as an officer for the LAPD and its SWAT team.  Also at all relevant times, MAYA was acting with the complete authority and ratification of his principal, Defendant CITY.

15.     DOMINGUEZ is an officer working for the CITY, through his employment with the LAPD and its SWAT team.  At all relevant times, DOMINGUEZ was acting under color of law within the course and scope of his duties as an officer for the LAPD and its SWAT team.  Also at all relevant times, DOMINGUEZ was acting with the complete authority and ratification of his principal, Defendant CITY.

16.     HURST is a supervisory officer working for the CITY, through his employment with the LAPD and its SWAT team.  At all relevant times, HURST was acting under color of law within the course and scope of his duties as an officer for the LAPD and its SWAT team.  Also at all relevant times, HURST was acting with the complete authority and ratification of his principal, Defendant CITY.

17.     LEE is a supervisory officer and captain working for the CITY, through her employment with the LAPD.  At all relevant times, LEE was acting under color of law within the course and scope of her duties as an officer, captain, and/or incident commander for the LAPD.  Also at all relevant times, LEE was acting with the complete authority and ratification of her principal, Defendant CITY.

18.     LOPEZ is a supervisory officer and lieutenant working for the CITY, through her employment with the LAPD.  At all relevant times, LOPEZ was acting under color of law within the course and scope of his duties as an officer, captain, and/or incident commander for the LAPD.  Also at all relevant times, LOPEZ was acting with the complete authority and ratification of his principal, Defendant CITY.

19.     On information and belief, the foregoing individual defendants were employees of the City of Los Angeles.

20.     In doing the acts and failing and omitting to act as hereinafter described, Defendants ANZALDO, MAYA, ADAM, DOBINE, DOMINGUEZ, HART, GOOSBY, were acting on the implied and actual permission and consent of the supervisory officers LOPEZ, LEE, and HURST.

21.     In doing the acts and failing and omitting to act as hereinafter described, the individual defendants were acting on the implied and actual permission and consent of the CITY.

22.     At all times mentioned herein, each and every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every defendant.

23.     All of the acts complained of herein by Plaintiffs against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity.  Moreover, Defendants and their agents ratified all of the acts complained of herein.

24.     The individual defendants are sued in their individual capacity.

25.     On or about July 25, 2016, Plaintiff L.D. filed a comprehensive and timely claim for damages with the City of Los Angeles pursuant to applicable sections of the California Government Code.  On August 11, 2016, the City denied said claim.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

26.   Plaintiffs repeat and re-alleges each and every allegation in paragraphs 1 through 25 of this Complaint with the same force and effect as if fully set forth herein.

27.   On April 5, 2016, the officer defendants responded to DECEDENT's residence, located in the 4700 block of Lakeside Street in Sylmar, California, at approximately 7:00 p.m. on that date.  When the officer defendants arrived, DECEDENT was physically restrained by his brother, who offered to assist the officers.  The officers ordered DECEDENT's brother outside and proceeded to use Tasers and bean bag guns against DECEDENT, thereby using excessive force against him.  During the incident, DECEDENT locked himself in his bedroom for a period of time.  When DECEDENT exited the bedroom, ANZALDO shot and killed DECEDENT without warning, thereby further using excessive force against him. According to witnesses and on information and belief, DECEDENT did not have a weapon and did not pose an immediate threat of death or serious bodily injury to anyone at the time of the shooting or at any time during this incident.

28.   After being shot, DECEDENT was bleeding profusely and in obvious and critical need of emergency medical care and treatment.  Defendants did not timely permit medical personnel to treat DECEDENT.  The delay of medical care to DECEDENT caused DECEDENT extreme physical and emotional pain and suffering, and was a contributing cause of DECEDENT's serious injuries.

29.   The use of deadly force against DECEDENT was excessive and objectively unreasonable under the circumstances, especially because DECEDENT was mentally ill and did not pose an immediate threat of death or serious bodily injury to anyone at the time of the use of force.

30.   Plaintiff would have been dependent on DECEDENT, her father, to some extent, for the necessities of life.

31.     Plaintiff L.D. is DECEDENT's successor-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and succeeds to DECEDENT's interest in this action as the natural daughter of DECEDENT.

## FIRST CLAIM FOR RELIEF

### Fourth Amendment—Detention and Arrest (42 U.S.C. § 1983)

(By Plaintiff L.D. against Defendants ANZALDO, MAYA, ADAM, DOBINE, DOMINGUEZ, HART, GOOSBY, LOPEZ, LEE, and HURST)

32.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 31 of this Complaint with the same force and effect as if fully set forth herein.

33.     Defendants detained DECEDENT without reasonable suspicion and arrested him without probable cause.

34.     When Defendants ANZALDO, MAYA, ADAM, DOBINE, DOMINGUEZ, HART, and GOOSBY pointed their weapons at DECEDENT and used force against him at the direction of Defendants LOPEZ, LEE, and HURST, they violated DECEDENT's right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

35.     Defendants' conduct was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendants ANZALDO, MAYA, ADAM, DOBINE, DOMINGUEZ, HART, GOOSBY, LOPEZ, LEE, and HURST.

36.     As a result of their misconduct, Defendants ANZALDO, MAYA, ADAM, DOBINE, DOMINGUEZ, HART, GOOSBY, LOPEZ, LEE, and HURST are liable for DECEDENT's injuries, either because they were integral participants

1  in the wrongful detention and arrest, or because they failed to intervene to prevent
2  these violations.

3       37.    Plaintiff L.D. brings this claim as a successor-in-interest to the
4  DECEDENT, and seeks both survival and wrongful death damages for the violation
5  of DECEDENT's rights.  Plaintiffs also seek attorney's fees.

6

7                              **SECOND CLAIM FOR RELIEF**
8              **Fourth Amendment —Excessive Force (42 U.S.C. § 1983)**
9        (By Plaintiff L.D. against Defendants ANZALDO, MAYA, ADAM, DOBINE,
10                   DOMINGUEZ, HART, GOOSBY, LOPEZ, LEE, and HURST)

11      38.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1
12  through 37 of this Complaint with the same force and effect as if fully set forth
13  herein.

14      39.    Defendants deprived DECEDENT of his right to be secure in his
15  person against unreasonable searches and seizures as guaranteed to DECEDENT
16  under the Fourth Amendment to the United States Constitution and applied to state
17  actors by the Fourteenth Amendment.

18      40.    Defendant ANZALDO used excessive force against DECEDENT when
19  he shot him without warning. ANZALDO's gunshot caused DECEDENT's death.

20      41.    Defendants MAYA, DOBINE, DOMINGUEZ, HART, and GOOSBY
21  used excessive force against DECEDENT when they deployed numerous beanbag
22  rounds at him with beanbag shotguns and discharged TASERs at DECEDENT
23  numerous times, including after DECEDENT had already been shot with a lethal
24  weapon.

25      42.    Defendants LEE and ADAM used excessive force against DECEDENT
26  when they formulated and executed the tactical plan to deploy tear gas into
27  DECEDENT's bedroom. ADAM further used excessive force when he applied a
28  hobble restraint device to DECEDENT after he had been shot.

43.     As a result of the foregoing, DECEDENT suffered great physical pain and emotional distress up to the time of his death, loss of enjoyment of life, loss of life, and loss of earning capacity.

44.     The conduct of the individual defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT, and therefore warrants the imposition of exemplary and punitive damages as to the individual defendants.

45.     The use of force was excessive and unreasonable, especially because DECEDENT was mentally ill (a fact known to the involved officers at the time of the incident) and posed no immediate threat of death or serious bodily injury at the time of the shooting.  Further, Defendants' use of force violated their training and standard police officer training.

46.     As a result of their misconduct, Defendants ANZALDO, MAYA, ADAM, DOBINE, DOMINGUEZ, HART, GOOSBY, LOPEZ, LEE, and HURST are liable for DECEDENT's injuries, either because they were integral participants in the use of force, or because they failed to intervene to prevent these violations.

47.     Plaintiff L.D. brings this claim as a successor-in-interest to the DECEDENT, and seeks both survival and wrongful death damages for the violation of DECEDENT's rights.  Plaintiffs also seek attorney's fees.

## THIRD CLAIM FOR RELIEF

### Fourth Amendment —Denial of Medical Care (42 U.S.C. § 1983)

(By Plaintiff L.D. against Defendants ANZALDO, MAYA, ADAM, DOBINE, DOMINGUEZ, HART, GOOSBY, LOPEZ, LEE, and HURST)

48.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 47 of this Complaint with the same force and effect as if fully set forth herein.

49.     The denial of medical care by Defendants deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

50.     As a result of the foregoing, DECEDENT suffered great physical pain and emotional distress up to the time of his death, loss of enjoyment of life, loss of life, and loss of earning capacity.

51.     Defendants knew that failure to provide timely medical treatment to DECEDENT could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing DECEDENT great bodily harm and death.

52.     Defendants' conduct was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to the individual defendants.

53.     As a result of their misconduct, Defendants ANZALDO, MAYA, ADAM, DOBINE, DOMINGUEZ, HART, GOOSBY, LOPEZ, LEE, and HURST are liable for DECEDENT's injuries, either because they were integral participants in the denial of medical care, or because they failed to intervene to prevent these violations.

54.     Plaintiff L.D. brings this claim as a successor-in-interest to the DECEDENT, and seeks both survival and wrongful death damages for the violation of DECEDENT's rights.  Plaintiffs also seek attorney's fees under this claim.

**FOURTH CLAIM FOR RELIEF**

**Substantive Due Process (42 U.S.C. § 1983)**

(By all Plaintiffs against Defendants ANZALDO, MAYA, ADAM, DOBINE, DOMINGUEZ, HART, GOOSBY, LOPEZ, LEE, and HURST)

55.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 54 of this Complaint with the same force and effect as if fully set forth herein.

56.     Plaintiff L.D. had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in Plaintiff's familial relationship with her father, DECEDENT.

57.     Plaintiff FRIAS had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in FRIAS' familial relationship with his son, DECEDENT.

58.     The aforementioned actions of Defendants ANZALDO, MAYA, ADAM, DOBINE, DOMINGUEZ, HART, GOOSBY, LOPEZ, LEE, and HURST, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of DECEDENT and Plaintiffs, and with purpose to harm unrelated to any legitimate law enforcement objective.

59.     As a direct and proximate result of these actions, DECEDENT experienced pain and suffering and eventually died.  Defendants thus violated the substantive due process rights of Plaintiffs to be free from unwarranted interference with their familial relationship with DECEDENT.

60.     As a direct and proximate cause of the acts of Defendants, Plaintiffs suffered emotional distress, mental anguish, and pain.  Plaintiffs have also been

deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

61.     As a result of their misconduct, Defendants ANZALDO, MAYA, ADAM, DOBINE, DOMINGUEZ, HART, GOOSBY, LOPEZ, LEE, and HURST are liable for DECEDENT's injuries, either because they were integral participants, or because they failed to intervene to prevent these violations.

62.     Defendants' conduct was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and Plaintiffs and therefore warrants the imposition of exemplary and punitive damages as to the individual Defendants.

63.     Plaintiff L.D. brings this claim individually and seeks wrongful death damages under this claim. Plaintiff FRIAS also brings this claim individually and also seeks wrongful death damages under this claim. Plaintiffs also seek attorneys' fees under this claim.

## FIFTH CLAIM FOR RELIEF

### Municipal Liability – Ratification (42 U.S.C. § 1983)

(By Plaintiff L.D. against Defendants CITY, LOPEZ, LEE, and HURST)

64.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 63 of this Complaint with the same force and effect as if fully set forth herein.

65.     Defendants ANZALDO, MAYA, ADAM, DOBINE, DOMINGUEZ, HART, GOOSBY, LOPEZ, LEE, and HURST acted under color of law.

66.     The acts of the individual defendants deprived DECEDENT and Plaintiffs of their particular rights under the United States Constitution.

67.     Upon information and belief, a final policymaker, acting under color of law, who had final policymaking authority concerning the acts of the individual

defendants, ratified the acts of the defendants' acts and the bases for them. Upon information and belief, the final policymaker knew of and specifically approved of the individual defendants' acts.

68.     Upon information and belief, a final policymaker has determined (or will determine) that the acts of the individual defendants were "within policy."

69.     By reason of the aforementioned acts and omissions, Plaintiff L.D. suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and support of DECEDENT.  The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

70.     Accordingly, Defendants CITY, LOPEZ, LEE, and HURST each are liable to Plaintiff L.D. for compensatory damages under 42 U.S.C. § 1983.

71.     Plaintiff L.D. brings this claim as a successor-in-interest to DECEDENT, and seeks both survival and wrongful death damages under this claim. Plaintiffs also seek punitive damages and attorney's fees under this claim.

## SIXTH CLAIM FOR RELIEF

### Municipal Liability – Failure to Train (42 U.S.C. § 1983)

(By Plaintiff L.D. against Defendants CITY, LOPEZ, LEE, and HURST)

72.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 71 of this Complaint with the same force and effect as if fully set forth herein.

73.     Defendants ANZALDO, MAYA, ADAM, DOBINE, DOMINGUEZ, HART, GOOSBY, LOPEZ, LEE, and HURST acted under color of law.

74.     The acts of the individual defendants deprived DECEDENT and Plaintiff of their particular rights under the United States Constitution.

75.     The training policies of Defendant CITY were not adequate to train its officers to handle the usual and recurring situations with which they must deal. This

FIRST AMENDED CONSOLIDATED COMPLAINT FOR DAMAGES

1   includes training with respect to tactics, handling situations with the mentally ill,

2   and the use of force, including deadly and non-deadly force.

3       76.   Defendant CITY was deliberately indifferent to the obvious

4   consequences of its failure to train its officers adequately, including training with

5   respect to tactics, handling situations with the mentally ill, and the use of force,

6   including deadly and non-deadly force.

7       77.   The failure of Defendant CITY to provide adequate training caused the

8   deprivation of the Plaintiffs' rights by the individual defendants; that is, Defendants'

9   failure to train is so closely related to the deprivation of the Plaintiffs' rights as to be

10   the moving force that caused the ultimate injury.

11       78.   On information and belief, CITY failed to train the individual

12   defendants properly and adequately, including training with respect to tactics,

13   handling situations with the mentally ill, and the use of force, including deadly and

14   non-deadly force.

15       79.   By reason of the aforementioned acts and omissions, Plaintiff L.D. has

16   suffered loss of the love, companionship, affection, comfort, care, society, training,

17   guidance, and support of DECEDENT.  The aforementioned acts and omissions also

18   caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

19       80.   The following are only a few examples of continued misconduct by

20   officers working for Defendant CITY.  These examples demonstrate a failure to

21   train with regard to handling situations with mentally ill individuals and unarmed

22   individuals:

23       a) In *Contreras v. City of Los Angeles*, case number 2:11-cv-01480-SVW

24          (SHx)), the CITY argued that the use deadly force against Mr.

25          Contreras by LAPD officers was reasonable; a unanimous jury

26          disagreed, awarding Mr. Contreras $5,700,000 after finding that the

27          involved officers used excessive and unreasonable force when they shot

28          an unarmed Mr. Contreras.  Police reports confirmed that Mr. Contreras

-14-

was unarmed.  In that case, the involved officers were not disciplined or retrained for their use of deadly force, and the CITY found that the shooting was justified and did not violate any CITY policy.

b) In *P.C., et al. v. City of Los Angeles*, case number CV 07-3413 PLA, the CITY argued that the involved LAPD officers' use of force was reasonable; a unanimous jury disagreed, awarding the plaintiffs a total of $3,215,000 after finding that the involved officers' use of force was excessive and unreasonable.  In that case, the involved officers were not disciplined or retrained for their use of deadly force, and the CITY found that the shooting was justified and did not violate any CITY policy.

c) In *Cano, et al. v. City of Los Angeles*, case number 2:15-cv-00333-JAK-E, the family of an unarmed man (David Martinez) who was shot and killed by LAPD Rampart officers alleged that the force used by the officers was excessive and unreasonable.  Police reports confirmed that Mr. Martinez was unarmed at the time of the shooting. In that case, the involved officers were not disciplined or retrained for their use of deadly force, and the CITY found that the shooting was justified and did not violate any CITY policy.

d) In *Wysocki v. City of Los Angeles*, case number 2:15−cv−09587−PA−GJS, currently pending in the United States District Court for the Central District of California, the mother of a mentally ill veteran (Michael Mears) who was killed by LAPD officers after the officers used Tasers, pepper spray, and police batons against him at his own residence alleges that the force used by the officers was excessive and unreasonable.  Police reports confirm that Mr. Mears was unarmed during the incident. In that case, the involved officers were not disciplined or retrained for their use of deadly force, and the CITY

found that the shooting was justified and did not violate any CITY policy.

81.     Accordingly, Defendants CITY, LOPEZ, LEE, and HURST each are liable to Plaintiff L.D. for compensatory damages under 42 U.S.C. § 1983.

82.     Plaintiff L.D. brings this claim as a successor-in-interest to DECEDENT, and seeks both survival and wrongful death damages under this claim. Plaintiff L.D. also seeks punitive damages and attorney fees under this claim.

### SEVENTH CLAIM FOR RELIEF

**Municipal Liability – Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

(By Plaintiff L.D. against Defendants CITY, LOPEZ, LEE, and HURST)

83.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 82 of this Complaint with the same force and effect as if fully set forth herein.

84.     The individual defendants, including ANZALDO, MAYA, ADAM, DOBINE, DOMINGUEZ, HART, GOOSBY, LOPEZ, LEE, and HURST acted under color of law.

85.     The individual defendants acted pursuant to an expressly adopted official policy or a longstanding practice or custom of Defendant CITY.

86.     On information and belief, the individual defendants were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with DECEDENT's death.

87.     Defendants CITY, LOPEZ, LEE, and HURST, together with other CITY policymakers and supervisors, maintained, inter alia, the following unconstitutional customs, practices, and policies:

      (a)     Using excessive force, including excessive deadly and non-deadly force;

      (b)     Providing inadequate training regarding the use of deadly force;

1         (c)     Employing and retaining as police officers individuals such as

2                Defendants ANZALDO, MAYA, ADAM, DOBINE,

3                DOMINGUEZ, HART, GOOSBY, whom Defendant CITY at all

4                times material herein knew or reasonably should have known

5                had dangerous propensities for abusing their authority and for

6                using excessive force;

7         (d)     Inadequately supervising, training, controlling, assigning, and

8                disciplining CITY officers, and other personnel, including

9                Defendants ANZALDO, MAYA, ADAM, DOBINE,

10              DOMINGUEZ, HART, GOOSBY, who Defendant CITY knew

11              or in the exercise of reasonable care should have known had the

12              aforementioned propensities and character traits;

13        (e)     Maintaining grossly inadequate procedures for reporting,

14              supervising, investigating, reviewing, disciplining and

15              controlling misconduct by CITY officers, Defendants

16              ANZALDO, MAYA, ADAM, DOBINE, DOMINGUEZ,

17              HART, GOOSBY;

18        (f)     Failing to adequately discipline CITY police officers, including

19              Defendants ANZALDO, MAYA, ADAM, DOBINE,

20              DOMINGUEZ, HART, GOOSBY, for the above-referenced

21              categories of misconduct, including "slaps on the wrist,"

22              discipline that is so slight as to be out of proportion to the

23              magnitude of the misconduct, and other inadequate discipline

24              that is tantamount to encouraging misconduct;

25        (g)    Announcing that unjustified shootings are "within policy,"

26              including shootings that were later determined in court to be

27              unconstitutional;

28

(h) Even where shootings are determined in court to be unconstitutional, refusing to discipline, terminate, or retrain the officers involved;

(i) Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simply "code of silence," pursuant to which police officers do not report other officers' errors, misconduct, or crimes. Pursuant to this code of silence, if questioned about an incident of misconduct involving another officer, while following the code, the officer being questioned will claim ignorance of the other officers' wrongdoing;

(j) Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of police shootings, including by failing to discipline, retrain, investigate, terminate, and recommend officers for criminal prosecution who participate in shootings of unarmed people;

(k) Providing inadequate training regarding handling situations with mentally ill individuals.

88. By reason of the aforementioned acts and omissions, Plaintiff L.D. has suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT. The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

89. Defendants CITY and LOPEZ, LEE, and HURST, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said

-18-

defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of DECEDENT, Plaintiffs, and other individuals similarly situated.

90.     By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, LOPEZ, LEE, and HURST acted with intentional, reckless, and callous disregard for the life of DECEDENT and for DECEDENT's and Plaintiff's constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants CITY and LOPEZ, LEE, and HURST were affirmatively linked to and were a significantly influential force behind the injuries of DECEDENT and Plaintiffs.

91.     The following are only a few examples of continued misconduct by officers working for Defendant CITY.  These examples demonstrate an unconstitutional custom, policy, and practice of using deadly force against unarmed civilians, and ratifying that use of deadly force and/or finding the use of deadly force to be justified or "within policy":

a) In *Contreras v. City of Los Angeles*, case number 2:11-cv-01480-SVW (SHx)), the CITY argued that the use deadly force against Mr. Contreras by LAPD officers was reasonable; a unanimous jury disagreed, awarding Mr. Contreras $5,700,000 after finding that the involved officers used excessive and unreasonable force when they shot an unarmed Mr. Contreras.  Police reports confirmed that Mr. Contreras was unarmed.  In that case, the involved officers were not disciplined or retrained for their use of deadly force, and the CITY found that the shooting was justified and did not violate any CITY policy.

b) In *P.C., et al. v. City of Los Angeles*, case number CV 07-3413 PLA, the CITY argued that the involved LAPD officers' use of force was reasonable; a unanimous jury disagreed, awarding the plaintiffs a total of $3,215,000 after finding that the involved officers' use of force was

excessive and unreasonable.  In that case, the involved officers were not disciplined or retrained for their use of deadly force, and the CITY found that the shooting was justified and did not violate any CITY policy.

c) In *Cano, et al. v. City of Los Angeles*, case number 2:15-cv-00333-JAK-E, the family of an unarmed man (David Martinez) who was shot and killed by LAPD Rampart officers alleged that the force used by the officers was excessive and unreasonable.  Police reports confirmed that Mr. Martinez was unarmed at the time of the shooting. In that case, the involved officers were not disciplined or retrained for their use of deadly force, and the CITY found that the shooting was justified and did not violate any CITY policy.

d) In *Wysocki v. City of Los Angeles*, case number 2:15−cv−09587−PA−GJS, currently pending in the United States District Court for the Central District of California, the mother of a mentally ill veteran (Michael Mears) who was killed by LAPD officers after the officers used Tasers, pepper spray, and police batons against him at his own residence alleges that the force used by the officers was excessive and unreasonable.  Police reports confirm that Mr. Mears was unarmed during the incident. In that case, the involved officers were not disciplined or retrained for their use of deadly force, and the CITY found that the shooting was justified and did not violate any CITY policy.

92.  Accordingly, Defendants CITY and LOPEZ, LEE, and HURST each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

93.  Plaintiff L.D. brings this claim individually and as a successor-in-interest to DECEDENT, and seeks both survival and wrongful death damages under

this claim. Plaintiff L.D. also seeks punitive damages and attorneys' fees under this claim.

### EIGHTH CLAIM FOR RELIEF

**False Arrest/False Imprisonment**

(By Plaintiff L.D. against All Defendants)

94.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 93 of this Complaint with the same force and effect as if fully set forth herein.

95.    Defendants ANZALDO, MAYA, ADAM, DOBINE, DOMINGUEZ, HART, GOOSBY, LEE, LOPEZ, HURST (hereinafter "the officer defendants") while working as officers for the LAPD and/or SWAT and acting within the course and scope of their duties, intentionally deprived DECEDENT of his freedom of movement by use of force, threats of force, menace, fraud, deceit, and unreasonable duress.  The officer defendants detained DECEDENT without reasonable suspicion and arrested him without probable cause.

96.    DECEDENT did not knowingly or voluntarily consent.

97.    The officer defendants detained DECEDENT for an appreciable amount of time.

98.    The conduct of the officer defendants was a substantial factor in causing the harm to DECEDENT.

99.    Defendant CITY is vicariously liable for the wrongful acts of the officer defendants pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

100.    The conduct of the officer defendants was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of DECEDENT, entitling Plaintiffs to an award of exemplary and punitive damages.

101.   As a result of their misconduct, the officer defendants are liable for DECEDENT's injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

102.   Plaintiff L.D. brings this claim as a successor-in-interest to DECEDENT, and seeks both survival and wrongful death damages under this claim. Plaintiff L.D. also seeks punitive damages and attorneys' fees under this claim.

## NINTH CLAIM FOR RELIEF

### Battery

(Wrongful Death)

(By Plaintiff L.D. against All Defendants)

103.   Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 102 of this Complaint with the same force and effect as if fully set forth herein.

104.   The officer defendants, while working as officers for the LAPD, and acting within the course and scope of their duties, intentionally shot DECEDENT multiple times with both lethal and less than lethal weapons, used a TASER against him multiple times, deployed concentrated gas at DECEDENT, and otherwise used unreasonable and excessive force against him.  As a result of the actions of the officer defendants, DECEDENT suffered severe pain and suffering and ultimately died from his injuries.  The officer defendants had no legal justification for using force against DECEDENT, and his use of force while carrying out their duties as police officers, crisis negotiations officers, and/or LAPD Special Weapons and Tactics team officers was an unreasonable and nonprivileged use of force.

105.   As a direct and proximate result of the conduct of the officer defendants as alleged above, DECEDENT sustained injuries and died from his injuries and also lost his earning capacity.  As a direct and proximate result of the

1   conduct of the officer defendants as alleged above, DECEDENT suffered survival

2   damages pursuant to Code of Civil Procedure Section 377.34.

3       106.   CITY is vicariously liable for the wrongful acts of the officer

4   defendants pursuant to section 815.2(a) of the California Government Code, which

5   provides that a public entity is liable for the injuries caused by its employees within

6   the scope of the employment if the employee's act would subject him or her to

7   liability.

8       107.   The conduct of the officer defendants was malicious, wanton,

9   oppressive, and accomplished with a conscious disregard for the rights of Plaintiff

10  and DECEDENT, entitling Plaintiff L.D., individually and as successor-in-interest

11  to DECEDENT, to an award of exemplary and punitive damages as to the officer

12  defendants.

13      108.   Plaintiff L.D. brings this claim as a successor-in-interest to

14  DECEDENT, and seeks both survival and wrongful death damages under this claim.

15  Plaintiff also seeks punitive damages and attorneys' fees under this claim.

16

17                **TENTH CLAIM FOR RELIEF**

18                    **Negligence**

19                  (Wrongful Death)

20            (By Plaintiff L.D. against all Defendants)

21      109.   Plaintiffs repeat and re-allege each and every allegation in paragraphs 1

22  through 108 of this Complaint with the same force and effect as if fully set forth

23  herein.

24      110.   Police officers, including Defendants, have a duty to use reasonable

25  care to prevent harm or injury to others. This duty includes using appropriate tactics,

26  giving appropriate commands, giving warnings, and not using any force unless

27  necessary, using less than lethal options, and only using deadly force as a last resort.

28

111.    The officer defendants breached this duty of care.  Upon information and belief, the actions and inactions of the officer defendants were negligent and reckless, including but not limited to:

      (a)   the failure to properly and adequately assess the need to detain, arrest, and use force or deadly force against DECEDENT;

      (b)   the negligent tactics and handling of the situation with DECEDENT, including pre-shooting and pre-Tasing negligence;

      (c)   the negligent detention, arrest, and use of force, including deadly force, against DECEDENT;

      (d)   the failure to provide prompt medical care to DECEDENT;

      (e)   the failure to properly train and supervise employees, both professional and non-professional, including the officer defendants;

      (f)   the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of DECEDENT;

      (g)   the negligent handling of evidence and witnesses;

      (h)   the negligent communication of information during the incident;

      (i)   the failure to properly train the officer defendants with regard to handling situations involving mentally ill individuals.

112.    As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT was caused to suffer severe pain and suffering and ultimately died.  Also as a direct and proximate result of Defendants' conduct as alleged above, Plaintiff L.D. suffered emotional distress and mental anguish.  Plaintiff L.D. also has been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, his father, and will continue to be so deprived for the remainder of her natural life.

113.   CITY is vicariously liable for the wrongful acts of the officer defendants pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

114.   Plaintiff L.D. brings this claim as a successor-in-interest to DECEDENT, and seeks survival and wrongful death damages under this claim. Plaintiffs also seek attorneys' fees under this claim.

## ELEVENTH CLAIM FOR RELIEF

### (Violation of Cal. Civil Code § 52.1)

(By Plaintiff L.D. against all Defendants)

115.   Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 114 of this Complaint with the same force and effect as if fully set forth herein.

116.   California Civil Code, Section 52.1 (the Bane Act), prohibits any person from using violent acts or threatening to commit violent acts in retaliation against another person for exercising that person's constitutional rights.

117.   On information and belief, the officer defendants, while working for the CITY and acting within the course and scope of their duties, intentionally committed and attempted to commit acts of violence against DECEDENT, including by shooting him without justification or excuse, by integrally participating and failing to intervene in the above violence, and by denying him necessary medical care.

118.   When Defendants shot DECEDENT, unreasonably detained him, and used excessive non-deadly force against him, including gas, Tasers, and beanbag shotguns, they interfered with his civil rights to be free from unreasonable searches

and seizures, to due process, to equal protection of the laws, to medical care, to be free from state actions that shock the conscience, and to life, liberty, and property.

119.   On information and belief, Defendants intentionally and spitefully committed the above acts to discourage DECEDENT from exercising his civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights, which they were fully entitled to enjoy.

120.   On information and belief, DECEDENT reasonably believed and understood that the violent acts committed by the officer defendants were intended to discourage them from exercising the above civil rights, to retaliate against them, or invoking such rights, or to prevent them from exercising such rights.

121.    Defendants successfully interfered with the above civil rights of DECEDENT and Plaintiffs.

122.   The conduct of Defendants was a substantial factor in causing Plaintiffs' harms, losses, injuries, and damages.

123.   CITY is vicariously liable for the wrongful acts of the officer defendants pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

124.   Defendants DOES 6-10 are vicariously liable under California law and the doctrine of *respondeat superior.*

125.   The conduct of Defendants was malicious, wanton, oppressive, and accomplished with a conscious disregard for DECEDENT's and Plaintiffs' rights, justifying an award of exemplary and punitive damages as to the officer defendants.

126.   Plaintiff L.D. brings this claim as a successor-in-interest to DECEDENT, and seeks survival and wrongful death damages under this claim. Plaintiff also seeks punitive damages and attorneys' fees under this claim.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff L.D., by and through her guardian *ad litem* Desiree DeLeon, and Plaintiff Juan Frias, request entry of judgment in their favor and against Defendants City of Los Angeles, Enrique Anzaldo, Leon Maya; Ruben Lopez; Synthia Lee; Bruce Adam; Guy Dobine; Joe Dominguez; James Hart; Joseph Goosby; Dain Hurst as follows:

A.    For compensatory damages in whatever other amount may be proven at trial, including both survival damages and wrongful death damages under federal and state law;

B.    For funeral and burial expenses, and loss of financial support;

C.    For punitive damages against the individual defendants in an amount to be proven at trial;

D.    For statutory damages;

E.    For interest;

F.    For reasonable attorneys' fees, including litigation expenses;

G.    For costs of suit; and

H.    For such further other relief as the Court may deem just, proper, and appropriate.

DATED:                          LAW OFFICES OF DALE K. GALIPO
                                       LAW OFFICES OF TODD D. THIBODO


By_____
    Dale K. Galipo
    Todd D. Thibodo
    Attorneys for Plaintiff L.D.

DATED:                          SEHAT LAW FIRM PLC


By_____
    Cameron Sehat
    Attorneys for Plaintiff Juan Frias

1

## **<u>DEMAND FOR JURY TRIAL</u>**

2          Plaintiffs hereby demand a trial by jury.

3

4   DATED:                          LAW OFFICES OF DALE K. GALIPO
                                    LAW OFFICES OF TODD D. THIBODO
5

6

7                                   By_____
                                       Dale K. Galipo
8                                      Todd D. Thibodo
                                       Attorneys for Plaintiff L.D.
9

10  DATED:                          SEHAT LAW FIRM PLC

11

12                                  By_____
                                       Cameron Sehat
13                                     Attorneys for Plaintiff Juan Frias

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-28-