FILED
CLERK, U.S. DISTRICT COURT

JAN 3 0 2020

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.D., a minor, by and through her guardian *ad litem* Desiree DeLeon, individually and as successor-in-interest to Cesar Frias, deceased, JUAN FRIAS, individually, | **Case No. CV16-4626 PSG (SKx)** *Hon Judge Philip S. Gutierrez;   Crtm 6A* |
| Plaintiffs, | |
| vs. | **JURY INSTRUCTIONS** |
| CITY OF LOS ANGELES, ENRIQUE ANZALDO; LEON MAYA; WILLIAM HEARD; RUBEN LOPEZ; JUAN GARCIA; VALENTIN MARTINEZ; SYNTHIA LEE; BRUCE ADAM; GUY DOBINE; JOE DOMINGUEZ; JAMES HART; JOSEPH GOOSBY; TIM McCARTHY; DAIN HURST and DOES 1-10, inclusive, | |
| Defendants | |

i

# COURT'S INSTRUCTION NO. 1

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

# COURT'S INSTRUCTION NO. 2

When a party has the burden of proving any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

# COURT'S INSTRUCTION NO.  3

You should decide the case as to each and defendant separately. Unless otherwise stated, the instructions apply to all parties.

# COURT'S INSTRUCTION NO.  4

The evidence you are to consider in deciding what the facts are consists of:

1.    the sworn testimony of any witness;

2.    the exhibits that are admitted into evidence;

3.    any facts to which the lawyers have agreed; and

4.    any facts that I have instructed you to accept as proved

## COURT'S INSTRUCTION NO. 5

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)    Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)    Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)    Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.

(4)    Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

# COURT'S INSTRUCTION NO. 6

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

1
2

## COURT'S INSTRUCTION NO.  7

3      There are rules of evidence that control what can be received into evidence. When
4  a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side
5  thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule
6  the objection, the question may be answered or the exhibit received. If I sustain the
7  objection, the question cannot be answered, and the exhibit cannot be received. Whenever
8  I sustain an objection to a question, you must ignore the question and must not guess what
9  the answer might have been.

10      Sometimes I may order that evidence be stricken from the record and that you
11  disregard or ignore that evidence. That means when you are deciding the case, you must
12  not consider the stricken evidence for any purpose.

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# COURT'S INSTRUCTION NO. 8

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

# COURT'S INSTRUCTION NO.  9

You have heard testimony from experts who testified to opinions and the reasons for their opinions. This opinion testimony is allowed, because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

# COURT'S INSTRUCTION NO. 10

In order to prevail on his or her § 1983 claim against the defendant, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1.    the defendant acted under color of state law; and

2.    the acts of the defendant deprived the plaintiff of his or her particular rights under the United States Constitution as explained in later instructions.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation.

I instruct you that the defendant acted under color of state law.

If you find the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements he or she is required to prove under Instructions 11, 12 or 13, your verdict should be for the plaintiff.

If, on the other hand, you find that the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant.

1

2

## COURT'S INSTRUCTION NO. 11

3   In general, a seizure of a person is unreasonable under the Fourth Amendment if
4   a police officer uses excessive force in making a lawful arrest or in defending himself.
5   Therefore, in order to prove an unreasonable seizure in this case, the Plaintiffs must
6   prove by a preponderance of the evidence that the Defendant Officers used excessive
7   force against Mr. Frias.

8   Under the Fourth Amendment, a police officer may use only such force as is
9   "objectively reasonable" under all of the circumstances. You must judge the
10  reasonableness of a particular use of force from the perspective of a reasonable officer
11  on the scene and not with the 20/20 vision of hindsight. Although the facts known to
12  the officers are relevant to your inquiry, an officer's subjective intent or motive is not
13  relevant to your inquiry.

14  In determining whether the Defendant Officers used excessive force in this case,
15  consider all of the circumstances known to the Defendant Officers, including:

16  (1) the nature of the crime or other circumstances known to the Defendant
17  Officers at the time that force was applied;

18  (2) as to the use of lethal force, whether Mr. Frias posed an immediate threat of
19  death or serious bodily injury to the officers or others; and as to the use of less-lethal
20  force, whether Mr. Frias posed an immediate threat to the safety of the officers or
21  others;

22  (3) whether Mr. Frias was actively resisting arrest or attempting to evade arrest
23  by flight;

24  (4) the amount of time the Defendant Officers had to determine the type and
25  amount of force that reasonably appeared necessary, and any changing circumstances
26  during that period;

27  (5) the type and amount of force used;

28  (6) the availability of alternative methods to take Mr. Frias into custody and

subdue him;

(7) the number of lives at risk and the parties' relative culpability; i.e., which party created the dangerous situation, and which party is more innocent;

(8) whether it was practical for the Defendant Officers to give warning of the imminent use of force, and whether such warning was given;

(9) whether a reasonable officer would have or should have accurately perceived a mistaken fact;

(11) whether it should have been apparent to the Defendant Officers that Mr. Frias was emotionally disturbed;

(12) whether there was probable cause for a reasonable officer to believe that Mr. Frias had committed a crime involving the infliction or threatened infliction of serious physical harm.

"Probable cause" exists when, under all of the circumstances known to the officer[s] at the time, an objectively reasonable police officer would conclude there is a fair probability that the Mr. Frias had committed or was committing a crime.

# COURT'S INSTRUCTION NO. 12

The plaintiffs claim that the defendants violated decedent Cesar Frias of his right under the Fourth Amendment to objectively reasonable medical care during the course of the detention and restraint. In order to prevail on this claim, Plaintiffs must prove each of the following elements by a preponderance of the evidence:

1. the defendants knew or should have known of Mr. Frias' immediate need for medical care;

2. the defendants unreasonably delayed, interfered with, or obstructed the provision of medical care to Mr. Frias; and

3. the delay, interference, or obstruction was a cause of injury, damage, loss, harm, or death to Mr. Frias.

# COURT'S INSTRUCTION NO. 13

The Plaintiffs claim that the Defendant Officers violated their right under the Fourteenth Amendment to be free from unlawful state inference with their familial relationship with their son and father, Cesar Frias.

Parents and children have a constitutionally protected liberty interest under the Fourteenth Amendment in the companionship and society of his or her child or parent.

In order to prove that The Defendant Officers deprived the Plaintiffs of their Fourteenth Amendment right to be free from unreasonable state interference with their relationship with Mr. Frias, the Plaintiffs must prove that the Defendant Officers acted with deliberate indifference when they used force against Mr. Frias. Deliberate indifference is reflected by a conscious disregard of a risk to Mr. Frias' health or safety. However, if you find that it was impracticable for the Defendant Officers to deliberate before the use of force against Mr. Frias, then the Plaintiffs must instead prove that the Defendant Officers acted with a purpose to harm Mr. Frias that was unrelated to a legitimate law enforcement objective when the Defendant Officers used force against Mr. Frias.

# COURT'S INSTRUCTION NO. 14

This instruction applies only to Plaintiffs' state law claim for wrongful death based on battery.

The Plaintiffs claim that the Defendant Officers killed Cesar Frias by using unreasonable force against him. To establish this claim, the Plaintiffs must prove all of the following:

      1.    The Defendant Officers used unreasonable force against Mr. Frias;

      2.    Mr. Frias did not consent to the use of that force;

      3.    The Defendant Officers' uses of unreasonable force were a substantial factor in causing Mr. Frias' death.

A police officer may use reasonable force to arrest or detain a person when he has reasonable cause to believe that that person has committed a crime. Even if the officer is mistaken, a person being arrested or detained has a duty not to use force to resist the officer unless the officer is using unreasonable force.

In deciding whether the Defendant Officers used unreasonable force, you must determine the amount of force that would have appeared reasonable to a police officer in the Defendant Officers' position under the same or similar circumstances. You should consider, among other factors, the following:

      (a)    The seriousness of the crime at issue;

      (b)    Whether Mr. Frias reasonably appeared to pose an immediate threat of death or seriously bodily injury to the Defendant Officers or others; and

      (c)    Whether Mr. Frias was actively resisting arrest or attempting to evade detention or arrest.

A police officer who makes or attempts to make an arrest is not required to retreat or cease from his or her efforts because of the resistance or threatened resistance of the person being arrested.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COURT'S INSTRUCTION NO. 15**

The Plaintiffs claim that Mr. Frias' death resulted from the Defendant Officers' negligence. To establish this claim, the Plaintiffs must prove all of the following:

1. The Defendant Officers were negligent; and

2. The Defendant Officers' negligence was a substantial factor in causing Mr. Frias' death.

# COURT'S INSTRUCTION NO. 16

A law enforcement officer may use reasonable force to detain a person when the officer has reasonable cause to believe that that person has committed or is committing a crime.  However, the officer may use only that degree of force necessary to accomplish the detention.  Plaintiffs claim that the Defendant Officers used unreasonable force, including deadly force, in detaining Decedent Mr. Frias.  To establish this claim, Plaintiffs must prove all of the following:

1. The Defendant Officers used force in detaining Mr. Frias;

2. The amount of force used by the Defendant Officers was unreasonable; and

3. The Defendant Officers' use of unreasonable force was a substantial factor in causing Mr. Frias' death.

In deciding whether the Defendant Officers used unreasonable force, you must consider all of the circumstances of the detention and determine what force a reasonable peace officer in the Defendant Officers' positions would have used under the same or similar circumstances.  Among the factors to be considered are the following:

(a) as to the use of lethal force, whether Mr. Frias posed an immediate threat of death or serious bodily injury to the officers or others; and as to the use of less-lethal force, whether Mr. Frias posed an immediate threat to the safety of the officers or others;

(b) The seriousness of the crime at issue;

(c) Whether Mr. Frias was actively resisting detention or attempting to avoid detention by flight; and

(d) The Defendant Officers' tactical conduct and decisions before using force against Mr. Frias.

# COURT'S INSTRUCTION NO. 17

If you find that the negligence of more than one person, including

The Defendant Officers and Mr. Frias was a substantial factor in causing Mr.

Frias' death, you must then decide how much responsibility each has by assigning

percentages of responsibility to each person listed on the verdict form.  The percentages

must total 100 percent.

You will make a separate finding of the Plaintiffs' total damages, if any.  In

determining an amount of damages, you should not consider any person's assigned

percentage of responsibility.

# COURT'S INSTRUCTION NO. 18

The Plaintiffs claim that Mr. Frias' own negligence contributed to his death. To succeed on this claim, the Defendants must prove both of the following:

1. That Mr. Frias was negligent; and

2. That Mr. Frias' negligence was a substantial factor in causing his death.

If the Defendants prove the above, then the Plaintiffs' damages are reduced by your determination of the percentage of Mr. Frias' responsibility. I will calculate the actual reduction.

# COURT'S INSTRUCTION NO. 19

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm.  It must be more than a remote or trivial factor.  It does not have to be the only cause of the harm.  Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## COURT'S INSTRUCTION NO.  20

In this case, the Defendant Officers were employees of Defendant City of Los Angeles at the time of this incident.  If you find that the Defendant Officers were acting within the scope of their employment when the incident occurred, then the City of Los Angeles is responsible for any harm caused by the Defendant Officers' wrongful conduct.  In this case, the parties have stipulated that the Defendant Officers were acting within the scope of their employment during this incident.

# COURT'S INSTRUCTION NO. 21

A person's conduct may combine with another factor to cause harm.

If you find that the Defendant Officers' conduct was a substantial factor in causing Cesar Frias' death, then the Defendant Officers are responsible for his death. The Defendant Officers cannot avoid responsibility just because some other person, condition, or event was also a substantial factor in causing Mr. Frias' death.

1

2

**COURT'S INSTRUCTION NO. 22**

3

4      You may decide that more than one of the defendants was negligent, but that the

5  negligence of only one of them could have actually caused Mr. Frias' death.  If you

6  cannot decide which defendant caused Mr. Frias' death, you must decide that each

7  defendant is responsible for his death.  However, if a defendant proves that he or she

8  did not cause Mr. Frias' death, then you must conclude that defendant is not

   responsible.

9          .

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## COURT'S INSTRUCTION NO. 23

Plaintiffs contend that the Defendant Officers violated the Bane Act, California Civil Code section 52.1. To establish this claim, Plaintiffs must prove all of the following:

1. The Defendant Officers used excessive force against Mr. Frias;

2. The Defendant Officers intended to violate Mr. Frias's right to be free from excessive force by acting with a reckless disregard for Mr. Frias' constitutional rights; and

3. The Defendant Officers' use of excessive force was a cause of harm to Mr. Frias.

# COURT'S INSTRUCTION NO. 24

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the Plaintiffs, you must determine damages. The Plaintiffs have the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the Plaintiffs and/or Mr. Frias for any injury you find was caused by the Defendants.

When determining Mr. Frias' damages, you should consider the following:

1. The mental, physical, and emotional pain and suffering experienced by Mr. Frias; and

2. The loss of life experienced by Mr. Frias.

When determining the Plaintiffs' damages, you must decide how much money will reasonably compensate the Plaintiffs for the death of their son and father, and you should consider the following:

1. The loss of Mr. Frias' love, companionship, comfort, care, assistance, protection, affection, society, and moral support.

In determining the Plaintiffs' loss, do not consider:

1. The Plaintiffs' grief, sorrow, or mental anguish;

2. Mr. Frias's pain and suffering; or

3. The poverty or wealth of the Plaintiffs.

The Plaintiffs do not have to prove the exact amount of these damages. However, you must not speculate or guess in awarding damages.

No fixed standard exists for deciding the amount of these damages. You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

## COURT'S INSTRUCTION NO. 25

You are to determine whether Plaintiffs may seek punitive damages. Punitive damages are allowed only if you find that the defendant's conduct that harmed the plaintiffs was malicious, oppressive or in reckless disregard of the plaintiffs' rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiffs. Conduct is in reckless disregard of the plaintiffs' rights if, under the circumstances, it reflects complete indifference to the plaintiffs' safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiffs' rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiffs with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of the plaintiffs.

# COURT'S INSTRUCTION NO. 26

Before you begin your deliberations, elect one member of the jury as your presiding juror.  The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.  You shall diligently strive to reach agreement with all of the other jurors if you can do so.

Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

# COURT'S INSTRUCTION NO. 27

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

## COURT'S INSTRUCTION NO. 28

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing.  I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

## COURT'S INSTRUCTION NO. 29

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the bailiff that you are ready to return to the courtroom.