

| | | |
|---|---|---|
| 1 | LAW OFFICES OF DALE K. GALIPO<br>Dale K. Galipo, Esq. (SBN 144074)<br>dalekgalipo@yahoo.com<br>Renee V. Masongsong, Esq. (SBN 281819)<br>rvalentine@galipolaw.com<br>Marcel F. Sincich, Esq. (SBN 319508)<br>msincich@galipolaw.com<br>21800 Burbank Boulevard, Suite 310<br>Woodland Hills, CA 91367<br>Telephone: (818) 347-3333<br>Facsimile: (818) 347-4118 | THE SEHAT LAW FIRM, PLC<br>Cameron Sehat, Esq. (SBN 256535)<br>cameron@sehatlaw.com<br>18881 Von Karman Ave., Suite 850<br>Irvine, CA 92612<br>Telephone: (949) 825-5200<br>Facsimile: (949) 313-5001<br><br>**Courtesy Copy** |

*Attorneys for Plaintiff L.D.*        *Attorney for Plaintiff Juan Frias*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.D., a minor, by and through her guardian ad litem Desiree DeLeon, individually and as successor-in-interest to Cesar Frias, deceased; JUAN FRIAS, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF LOS ANGELES; ENRIQUE ANZALDO; LEON MAYA; JUAN GARCIA; VALENTIN MARTINEZ; GUY DOBINE; JOE DOMINGUEZ; JOSEPH GOOSBY; TIM MCCARTHY,<br><br>Defendants. | Case No: 2:16-cv-04626-PSG-SK<br><br>[*Honorable Philip S. Gutierrez*]<br><br>**NOTICE OF LODGING AND LODGING OF PLAINTIFFS' [~~PROPOSED~~] JUDGMENT**<br><br>E-FILED<br>FEB 19 2020<br>Document #<br>JS-6 |

//

-1-
PROPOSED JUDGMENT

**TO THE HONORABLE COURT AND TO ALL PARTIES HEREIN:**

**PLEASE TAKE NOTICE THAT** Plaintiffs hereby lodge their [Proposed] Judgment.

Respectfully submitted,

DATED: February 13, 2020     LAW OFFICES OF DALE K. GALIPO

By _____/s/ Marcel F. Sincich_____
Dale K. Galipo
Renee V. Masongsong
Marcel F. Sincich
*Attorneys for Plaintiffs*

# [PROPOSED] JUDGMENT

The trial of this action began on January 21, 2020 in Courtroom 6A of the United States District Court, Central District of California, Honorable Philip Gutierrez, presiding. Plaintiff L.D. was represented by attorneys Dale K. Galipo, Renee V. Masongsong, and Marcel F. Sincich. Plaintiff Juan Frias was represented by attorneys Cameron Sehat and Dale K. Galipo. Defendants City of Los Angeles, Enrique Anzaldo, Leon Maya, Ruben Lopez, Juan Garcia, Valentin Martinez, Synthia Lee, Bruce Adam, Guy Dobine, Joe Dominguez, Joseph Goosby, and Tim McCarthy were represented by Christian Bojorquez of the Los Angeles City Attorney's Office.

A jury of eight persons was regularly empaneled and sworn. Witnesses were sworn and testified. On the fifth day of trial, Juror No. 6 was excused for illness. After hearing the evidence and arguments of counsel, the jury was duly instructed by the Court and the case was submitted to the jury. The jury of seven deliberated and thereafter returned a verdict as follows:

## FOURTH AMENDMENT EXCESSIVE FORCE CLAIM

**QUESTION 1:**

Did any of the following officers use excessive force against Cesar Frias?

<u>Use of Beanbag Shotgun</u>

| | | |
|---|---|---|
| Juan Garcia | _____ YES | __✓__ NO |
| Valentin Martinez | _____ YES | __✓__ NO |
| Guy Dobine | __✓__ YES | _____ NO |

/ / /

Use of a 40 mm Sponge Launcher

    Joe Dominguez    ✓ YES    ___ NO

Use of Assault Rifle

    Enrique Anzaldo    ___ YES    ✓ NO

Use of Taser

    Leon Maya    ✓ YES    ___ NO

    Joseph Goosby    ✓ YES    ___ NO

    Joe Dominguez    ✓ YES    ___ NO

Use of Pinning Pole

    Bruce Adam    ___ YES    ✓ NO

Kicks

    Tim McCarthy    ___ YES    ✓ NO

*If you answered "Yes" to Question 1, please answer Question 2.*

*If you answered "No" to Question 2, please proceed to Question 3.*

**QUESTION 2:**
    Was the use of excessive force a cause of harm, damage, injury, loss, or death to Cesar Frias?

Use of Beanbag Shotgun

    Juan Garcia    ___ YES    ✓ NO

    Valentin Martinez    ___ YES    ✓ NO

    Guy Dobine    ✓ YES    ___ NO

Use of a 40 mm Sponge Launcher

    Joe Dominguez     ✓ YES     ___ NO

Use of Assault Rifle

    Enrique Anzaldo     ___ YES     ✓ NO

Use of Taser

    Leon Maya     ✓ YES     ___ NO

    Joseph Goosby     ✓ YES     ___ NO

    Joe Dominguez     ✓ YES     ___ NO

Use of Pinning Pole

    Bruce Adam     ___ YES     ✓ NO

Kicks

    Tim McCarthy     ___ YES     ✓ NO

*Please proceed to Question 3.*

## DENIAL OF MEDICAL CARE CLAIM

**QUESTION 3:**
Did any of the following officers deny Cesar Frias timely medical care?

    Enrique Anzaldo     ___ YES     ✓ NO

    Leon Maya     ✓ YES     ___ NO

    Bruce Adam     ___ YES     ✓ NO

    Joseph Goosby     ✓ YES     ___ NO

    Tim McCarthy     ___ YES     ✓ NO

*If you answered "Yes" to Question 3, please answer Question 4.*

*If you answered "No" to Question 3, please proceed to Question 5.*

**QUESTION 4:**
Was the denial of timely medical care a cause of injury, harm, or death to Cesar Frias?

| Officer | YES | NO |
|---|---|---|
| Enrique Anzaldo | | ✓ |
| Leon Maya | ✓ | |
| Bruce Adam | | ✓ |
| Joseph Goosby | ✓ | |
| Tim McCarthy | | ✓ |

*Please proceed to Question 5.*

**FOURTEENTH AMENDMENT CLAIM**

**QUESTION 5:**
Did any of the following LAPD officers interfere with the Plaintiffs' familial relationship with Cesar Frias?

| Officer | YES | NO |
|---|---|---|
| Bruce Adam | | ✓ |
| Guy Dobine | ✓ | |
| Joe Dominguez | ✓ | |
| Enrique Anzaldo | | ✓ |
| Leon Maya | ✓ | |

Joseph Goosby                    ✓ YES              ____ NO

*Please proceed to Question 6.*

**BATTERY CLAIM**

**QUESTION 6:**
Did any of the involved LAPD officers use unreasonable force against Cesar Frias?

✓ YES              ____ NO

*If you answered "Yes" to Question 6, please answer Question 7.*

*If you answered "No" to Question 6, please proceed to Question 8.*

**QUESTION 7:**
Was the use of unreasonable force by any of the involved LAPD officers a cause of Cesar Frias' death?

✓ YES              ____ NO

*Please proceed to Question 8.*

**NEGLIGENCE CLAIM**

**QUESTION 8:**
Were any of the involved LAPD officers negligent towards Cesar Frias?

____ YES              ✓ NO

*If you answered "Yes" to Question 8, please answer Question 9.*

*If you answered "No" to Question 8, please proceed to Question 13.*

**QUESTION 9:**
Was the negligence of any of the involved LAPD officers a cause of Cesar Frias' death?

_____ YES          _____ NO

*If you answered "Yes" to Question 9, please answer Question 10.*

*If you answered "No" to Question 9, please proceed to Question 12.*

**QUESTION 10:**
Was Cesar Frias negligent?

_____ YES          _____ NO

*If you answered "Yes" to Question 10, please answer Question 11.*

*If you answered "No" to Question 10, please proceed to Question 13.*

**QUESTION 11:**
Was Cesar Frias' negligence a cause of his death?

_____ YES          _____ NO

*If you answered "Yes" to Question 11, please answer Question 12.*

*If you answered "No" to Question 11, please proceed to Question 13.*

**QUESTION 12:**

What percentage of negligence that was a cause Cesar Frias' death do you assign to the involved LAPD officers, and what percentage of negligence that was a cause of Cesar Frias' death do you assign to Cesar Frias, if any? (Your total should equal 100%).

|  |  |
|---|---|
| LAPD Officers | _____ % |
| Cesar Frias | _____ % |
| Total | 100 % |

*Please proceed to Question 13.*

### BANE ACT CLAIM

**QUESTION 13:**

Did any of the involved LAPD officers act with a reckless disregard for Cesar Frias' constitutional right to be free from arrest without probable cause, excessive force, and/or timely medical care?

✓ YES _____ NO

*Please proceed to Question 14.*

*Answer Question 14 only if you answered "yes" to Questions 2, 4, or 13.*

*If you answered "no" to all of Questions 2, 4, and 13, then please proceed to Question 15.*

## DAMAGES

**QUESTION 14:**

What are Cesar Frias' damages for his pre-death pain and suffering and loss of life?

Pre-death pain and suffering    $ __500,000__

Loss of Life                    $ __500,000__

*Answer Question 15 only if you answered "yes" to Questions 5, 7, or 9. If you answered "no" to all of Questions 5, 7, and 9, then please proceed to Question 15.*

**QUESTION 15:**

What are Layla's damages?

Past loss    $ __500,000__

Future loss  $ __1,500,000__

*Answer Question 16 only if you answered "yes" to Question 5. If you answered "no" to Question 5, please proceed to Question 17.*

**QUESTION 16:**
What are Juan Frias' damages?

Past loss    $ _____500,000_____

Future loss  $ _____1,000,000_____

*Please proceed to Question 17.*

**QUESTION 17:**
Did any of the following officers act with malice, oppression, or in reckless disregard of Cesar Frias' rights?

| Officer | YES | NO |
|---|---|---|
| Juan Garcia | | ✓ |
| Valentin Martinez | | ✓ |
| Bruce Adam | | ✓ |
| Guy Dobine | | ✓ |
| Joe Dominguez | | ✓ |
| Enrique Anzaldo | | ✓ |
| Leon Maya | | ✓ |
| Joseph Goosby | | ✓ |

-11-
PROPOSED JUDGMENT

NOW THEREFORE IT IS ORDERED, ADJUDGED AND DECREED that final judgment in this action be entered as follows:

Total judgment in the sum of $4,500,000, plus costs pursuant to Federal Rule of Civil Procedure 54(d)(1), interest calculated from the date of the January 30, 2020 Verdict (*see* Dkt. Nos. 142, 143) at the rate specified by 28 U.S.C. §1961, and reasonable attorneys' fees, is entered against Defendants City of Los Angeles, Guy Dobine, Joe Dominguez, Leon Maya, and Joseph Goosby and in favor of Plaintiffs L.D. and Juan Frias. The City of Los Angeles is vicariously liable as to the jury's finding in Plaintiffs' favor on Plaintiffs' battery and Bane Act claims. Plaintiffs L.D. and Juan Frias are the prevailing parties and may apply to the court for an award of costs and reasonable attorneys' fees as permitted by state and federal law.

**IT IS SO ORDERED.**

Dated: 2/19/2020

Honorable Philip Gutierrez
United States District Court
Central District of California