1  LAW OFFICES OF DALE K. GALIPO
   Dale K. Galipo, Esq. (SBN 144074)
2  E-mail: dalekgalipo@yahoo.com
   Renee V. Masongsong, Esq. (SBN 281819)
3  Email: rvalentine@galipolaw.com
   21800 Burbank Blvd., Suite 310
4  Woodland Hills, CA 91367
   Tel: (818) 347-3333
5  Fax: (818) 347-4111

6

7

8              **UNITED STATES DISTRICT COURT**

9            **CENTRAL DISTRICT OF CALIFORNIA**

10

11  L.D., by and through her guardian *ad litem* Desiree DeLeon, individually and
12  as successor in interest to Cesar Frias, deceased,
13

14              Plaintiff,

15      vs.

16

17  CITY OF LOS ANGELES, et al.,

18              Defendants.

19

| | |
|---|---|
| Case No. 2:16-cv-04626-PSG-SK | |

*[Honorable Philip S. Gutierrez]*

**UNOPPOSED *EX PARTE* APPLICATION FOR APPROVAL OF THE COMPROMISE OF THE CLAIMS OF MINOR PLAINTIFF L.D.; VERIFICATION BY DESIREE DELEON**

[Declaration of Renee V. Masongsong and Exhibits thereto, Proposed Orders and exhibits thereto *filed concurrently herewith*]

20

21

22

23

24

25

26

27

28

1  **TO THIS HONORABLE COURT, ALL PARTIES, AND THEIR**

2  **ATTORNEYS OF RECORD:**

3  **PLEASE TAKE NOTICE THAT** Plaintiff L.D., by and through her

4  guardian *ad litem*, Desiree DeLeon, individually and as a successor in interest to

5  Cesar Frias, deceased, hereby moves this Court by way of this *Ex Parte* Application

6  for Approval of Compromise of the Claims of Minor Plaintiff L.D. ("Application")

7  for an order approving the settlement of her claims and distribution of her settlement

8  funds.  Plaintiff L.D. and her guardian *ad litem*, Petitioner Desiree DeLeon, make

9  this Application pursuant to Central District Local Rule 7-19.  The grounds for this

10 Application are set forth in the Memorandum of Points and Authorities, which

11 follows below, and the Declaration of Renee V. Masongsong ("Masongsong

12 Decl."), which is submitted concurrently herewith.

13 Prior to filing this *ex parte* application, Plaintiff L.D.'s counsel Renee V.

14 Masongsong contacted Defendants' counsel to confirm that Defendants will not be

15 opposing the instant Application.  Defendants are represented by the Los Angeles

16 City Attorney's office and can be contacted at: Michael Walsh or Christian

17 Bojorquez, City Attorneys; 200 N. Main Street, 6th Floor, City Hall East, Los

18 Angeles, California 90012; Tel: (213) 978-7023; email: Michael.Walsh@lacity.org.

19 Masongsong Decl. at ¶ 2.  Defendants and their counsel do not oppose the filing of

20 this Application on an *ex parte* basis, nor do Defendants and their counsel oppose

21 the substance of this Application.  Masongsong Decl. at ¶ 3.

22 This Application seeks approval of the compromise of Plaintiff L.D.'s claims

23 on an *ex parte* basis because L.D.'s guardian *ad litem*, after consulting with an

24 annuity broker, vetting insurance companies, and reviewing proposed annuity plans,

25 has chosen an annuity the interest rate for which is likely to expire if this petition is

26 heard as a regularly-noticed motion.  For that reason, filing this Application as a

27 regularly-noticed motion may cause a decrease in payment benefits to the minor

28 plaintiff.  Masongsong Decl. at ¶ 4.  Further, the settlement was not approved by the

UNOPPOSED *EX PARTE* APPLICATION FOR APPROVAL OF COMPROMISE OF CLAIMS OF MINOR
PLAINTIFF L.D.

1   City of Los Angeles Budget and Finance Committee until November 9, 2020, and

2   the settlement was only recently referred to City Council.  Additionally, the

3   executed Stipulation for Settlement provides that Defendants shall issue the

4   settlement drafts no later than December 15, 2020.  Masongsong Decl. at ¶ 4.  This

5   timing also precluded Plaintiff from filing this Application as a regularly-noticed

6   motion.  Accordingly, Petitioner Desiree DeLeon as guardian *ad litem* for minor

7   plaintiff L.D. respectfully requests that this Court consider this Application on an *ex*

8   *parte* basis. *Id*.

9

10

11   DATED: November 24, 2020          LAW OFFICES OF DALE K. GALIPO

12

13                                         /s/ Renee V. Masongsong
         _____

14                                      Dale K. Galipo
                                        Renee V. Masongsong
15                                      *Attorneys for Plaintiff L.D.*

16

17

18

19

20

21

22

23

24

25

26

27

28

UNOPPOSED *EX PARTE* APPLICATION FOR APPROVAL OF COMPROMISE OF CLAIMS OF MINOR
PLAINTIFF L.D.

1    **UNOPPOSED *EX PARTE* APPLICATION FOR APPROVAL OF**

2    **COMPROMISE OF THE CLAIMS OF MINOR PLAINTIFF L.D.**

3    **I.      INTRODUCTION**

4          Plaintiff L.D., by and through her guardian *ad litem*, Desiree DeLeon,

5    individually and as a successor in interest to Cesar Frias, deceased, hereby submits

6    this *ex parte* application and proposed order for approval of the compromise of the

7    claims of minor Plaintiff L.D. ("Application"), and requests that this Honorable

8    Court approve of the proposed distribution of Plaintiff L.D.'s funds.

9          The instant claims of Plaintiff L.D. arose out of the uses of force against and

10   denial of medical care to Cesar Frias ("the decedent") on April 6, 2016 by police

11   officers working for the City of Los Angeles Police Department, including Special

12   Weapons and Tactics ("SWAT") officers.  Plaintiff L.D. is the decedent's biological

13   child and his lawful successor in interest.  In addition to Plaintiff L.D., the

14   decedent's father, Juan Frias, is a plaintiff in this action.  After a verdict in

15   Plaintiffs' favor in the amount of $4,500,000 on January 30, 2020, and a subsequent

16   mediation conducted by Rick Copeland on August 28, 2020, the parties agreed to

17   settle the above-referenced case as to all claims and parties.  The settlement was

18   formally approved by the Claims Board and then later Budget and Finance

19   Committee on or around November 9, 2020, and has been referred to City Council

20   for approval.

21         The Stipulation for Settlement agreement obligates Defendant City of Los

22   Angeles to pay to Plaintiff L.D. and her attorney Dale K. Galipo of $2,400,000.  The

23   settlement includes a separate payment of statutory attorney fees in 2021.

24   Masongsong Decl. at ¶ 5.

25   **II.     DISCUSSION**

26         District courts have a special duty, derived from Federal Rule of Civil

27   Procedure 17(c), to safeguard the interests of litigants who are minors.  Rule 17(c)

28   provides, in relevant part, that a district court must appoint a guardian *ad litem*—or

4

UNOPPOSED *EX PARTE* APPLICATION FOR APPROVAL OF COMPROMISE OF CLAIMS OF MINOR
PLAINTIFF L.D.

1   issue another appropriate order—to protect a minor or incompetent person who is

2   unrepresented in an action." Fed. R. Civ. P. 17(c). In the context of proposed

3   settlements in suits involving minor plaintiffs, this special duty requires a district

4   "court [to] conduct its own inquiry to determine whether the settlement serves the

5   best interests of the minor." *Dacanay v. Mendoza,* 573 F.2d 1075, 1080 (9th Cir.

6   1978); *see also Salmeron v. United States,* 724 F.2d 1357, 1363 (9th Cir. 1983)

7   (holding that "a court must independently investigate and evaluate any compromise

8   or settlement of a minor's claims to assure itself that the minor's interests are

9   protected, even if the settlement has been recommended or negotiated by the

10  minor's parent or guardian ad litem.").

11  
12  
13  
14  
15  
16  
> Although the district court has a special duty to safeguard the interests of minor plaintiffs, that duty requires only that the district court determine whether the net amount distributed to each minor plaintiff in the proposed settlement is fair and reasonable, without regard to the proportion of the total settlement value designated for adult co-Plaintiffs and contracted by them with Plaintiffs' counsel. If the net recovery of each minor plaintiff under the proposed settlement is fair and reasonable, the district court should approve the settlement as proposed.

17  *Robidoux v. Rosengren*, 638 F.3d 1177, 1179 (9th Cir. 2011).

18          California Code of Civil Procedure Section 372 and California Rules of

19  Court, rule 3.1384 refer to the requirement of court approval and incorporate other

20  rules requiring disclosure of various pertinent facts. California Rule of Court, rule

21  3.1384 provides that "[a] petition for court approval of a compromise or covenant

22  not to sue under Code of Civil Procedure Section 372 must comply with rules 7.950,

23  7.951, and 7.952."

24          Pursuant to the above California rules, Plaintiff L.D. and her attorneys make

25  the following disclosures:

26          1.      The Petitioner is Desiree DeLeon, guardian *ad litem* for minor plaintiff

27  L.D. Plaintiff L.D. is represented by the Law Offices of Dale K. Galipo. Plaintiff

28  Juan Frias is represented by the Sehat Law Firm, PLC.

UNOPPOSED *EX PARTE* APPLICATION FOR APPROVAL OF COMPROMISE OF CLAIMS OF MINOR PLAINTIFF L.D.

2.    Plaintiff L.D. is female.  She was born in 2016.  Plaintiff L.D. is the biological daughter of the decedent in this case, Cesar Frias.

3.    The nature of Plaintiff L.D.'s claims in this lawsuit is set forth in the operative complaint and the final pretrial conference order filed in this action. Plaintiff L.D.'s claims were tried on their merits in January 2020, prior to Plaintiff L.D. agreeing to settle her claims in August 2020.  Masongsong Decl. at ¶ 6.

4.    Plaintiff L.D.'s damages in this case arise from (1) the injuries suffered by the decedent, for which Plaintiff L.D. can recover survival damages as a successor in interest; and (2) Plaintiff L.D. individual loss of the decedent's comfort, care, companionship, training, support, and guidance (wrongful death damages). Masongsong Decl. at ¶ 7.

5.    Medical treatment and medical billing are not relevant.  Plaintiff L.D. has not received medical treatment in connection with this case.

6.    The total amount of the settlement that Defendant agrees to pay to the Plaintiff L.D. and her attorney Dale K. Galipo is $2,400,000.  Masongsong Decl. at ¶ 8.

7.    Plaintiff L.D's attorney Dale K. Galipo is requesting attorneys' fees in the amount of 40 percent of the $2,400,000 in settlement proceeds.  The contingency retainer agreements between Plaintiffs and their respective attorneys provide for a 40 percent contingency fee.  The Law Offices of Dale K. Galipo is requesting $960,000 in attorneys' fees from the gross settlement proceeds allocated to L.D. Masongsong Decl. at ¶ 9.

8.    Plaintiff L.D.'s attorneys are also requesting reimbursement of advanced litigation costs in the total amount of $39,929.15.  The costs will be borne by the Plaintiffs on a pro rata basis with their gross settlement allocation, such that Plaintiff L.D's attorneys are requesting $26,619.34 in costs from the gross settlement proceeds allocated to L.D.  Masongsong Decl. at ¶ 10.

UNOPPOSED *EX PARTE* APPLICATION FOR APPROVAL OF COMPROMISE OF CLAIMS OF MINOR
PLAINTIFF L.D.

9. Under the existing retainer agreements, Plaintiffs' attorneys are due a 40 percent attorney recovery fee, plus reimbursement of advanced litigation costs. The contingency attorney fee award in this case is clearly justified, including by: the $4,500,000 verdict in Plaintiffs' favor; attorney Dale K. Galipo's skill and experience in the civil rights field; the difficulties and complexities of this case, which involved numerous SWAT officers and weapons systems; the risk assumed by Plaintiffs' counsel; and the time and expense of conducting the trial of this matter and opposing Defendants' post-trial motions after receiving a verdict in Plaintiffs' favor. Plaintiffs litigated this case for over three and a half years, and Defendants made no settlement offer, forcing the case to trial. Plaintiffs' attorneys devoted significant time to this case in order to achieve the verdict in Plaintiffs' favor, including but not limited to: conducting extensive written discovery, which entailed multiple meet-and-confer efforts and a review of over eighty hours of audio/video recordings and thousands of pages investigative reports; conducting and/or participating in twenty-four depositions; retaining a police practices expert and preparing to cross-examine the six expert witnesses disclosed by Defendants; filing motions *in limine*; preparing for the trial originally scheduled for September 2019 and then reengaging in trial preparation for the rescheduled January 2020 trial date; opposing Defendants' post-trial motions; and participating in two mediations. Masongsong Decl. at ¶ 11.

If Plaintiff L.D.'s attorneys were not awarded a significant compensatory fee in difficult civil rights cases of public importance, then attorneys would not be able to take such cases. In turn, plaintiffs such as L.D. would not be able to attract competent counsel who could achieve similar results and achieve justice for victims of police brutality. Accordingly, Plaintiff L.D. and her attorneys submit that Plaintiff L.D.'s attorneys are deserving of the requested 40 percent attorney recovery fee in this case. Masongsong Decl. at ¶ 12.

UNOPPOSED *EX PARTE* APPLICATION FOR APPROVAL OF COMPROMISE OF CLAIMS OF MINOR PLAINTIFF L.D.

1      10.  As stated above, the share of the settlement proceeds apportioned for

2  minor plaintiff L.D. and her attorneys is $2,400,000.  After deducting requested

3  attorneys' fees of $960,000 and costs in the amount of $26,619.34, the total net

4  settlement proceeds to L.D. is $1,413,380.66.  Masongsong Decl. at ¶ 13.

5      11.  It is requested that $1,413,380.66 be used to fund a structured

6  settlement annuity for Plaintiff L.D.  Masongsong Decl. at ¶ 14.  As part of the

7  structured settlement, Petitioner Ms. DeLeon requests a monthly stipend of $800.

8  This stipend would begin after the funding of the annuity and would continue for

9  thirteen years and ten months.  Ms. DeLeon is requesting the monthly stipend for the

10  sole purpose of supporting L.D.  The stipend would be used to defray costs

11  associated with Plaintiff L.D.'s housing, food, medical care, school supplies,

12  transportation, and childcare.  The amount of $800 per month is based on the current

13  and anticipated costs of living in Los Angeles, California, which are relatively high

14  compared to the national average.  After the incident involving Defendants and the

15  decedent Cesar Frias, Ms. DeLeon was left a single parent to raise L.D. on her own

16  due to this tragic incident.  Masongsong Decl. at ¶ 15.

17      Attached as "Exhibit A" and "Exhibit B" to the Declaration of Renee V.

18  Masongsong are two proposed structured settlement annuities and disbursement

19  schedules for L.D.  The proposed annuity and disbursement schedule set forth in

20  "Exhibit A" provides for the $800 payments to Ms. DeLeon, payable monthly for

21  thirteen years and ten months.  Under the proposal set forth in "Exhibit A," the total

22  amount that Plaintiff L.D. shall receive directly after the final payment is made to

23  her is $2,110,000.  Masongsong Decl. at ¶ 16.

24      Plaintiff L.D. and Petitioner Ms. DeLeon are submitting "Exhibit B" as an

25  alternative proposal in the event that this Court declines to grant Ms. DeLeon's

26  request for the monthly stipend to Ms. DeLeon for L.D.'s care during her youth.

27  The proposed annuity and disbursement schedule set forth in "Exhibit B" does not

28  provide for the monthly stipend to Ms. DeLeon to support her daughter, L.D.  Under

UNOPPOSED *EX PARTE* APPLICATION FOR APPROVAL OF COMPROMISE OF CLAIMS OF MINOR PLAINTIFF L.D.

1  the proposal set forth in "Exhibit B," the total amount that Plaintiff L.D. shall

2  receive directly after the final payment is made to her is $2,307,725.  The

3  discrepancy between the amount that Plaintiff L.D. shall receive directly under the

4  plan set forth in "Exhibit A" and the amount that Plaintiff L.D. shall receive directly

5  under the plan set forth in "Exhibit B" is less than $200,000.  In other words, the

6  amount that petitioner Ms. DeLeon is requesting to care for Plaintiff L.D. for the

7  next approximate thirteen years is less than ten percent of the total settlement funds

8  that Plaintiff L.D. would receive under either plan—a relatively small amount

9  considering the care and comfort the money could provide for Plaintiff L.D. during

10  L.D.'s youth, particularly where the cost of living in Los Angeles is high and

11  Angelinos are suffering the effects of the COVID-19 pandemic.  Masongsong Decl.

12  at ¶ 17.

13         L.D.'s guardian *ad litem*, Petitioner Desiree DeLeon, has reviewed the

14  proposed annuity and disbursement schedules for L.D. set forth in "Exhibit A" and

15  "Exhibit B" and believes that the proposal set forth in "Exhibit A" is in the best

16  interest of L.D., with the proposal set forth in "Exhibit B" also being in Plaintiff

17  L.D.'s interest.  Masongsong Decl. at ¶ 18.

18         12.   The moving guardian *ad litem* Desiree DeLeon has no claims against

19  Defendants in connection with the subject incident.

20         13.   The moving guardian *ad litem* Desiree DeLeon does not have any

21  claims against Plaintiff L.D. in connection with the subject incident.

22         14.   California Welfare and Institutions Code Section 14124.73 does not

23  apply.

24         15.   This motion does not seek an order for payment of money to a special

25  needs trust.  Masongsong Decl. at ¶ 19.

26         Disclosures pursuant to California Rule of Court 7.951

27         1.   This petition was prepared by attorney Renee V. Masongsong

28  (California State Bar Number 281819), of the Law Offices of Dale K. Galipo,

UNOPPOSED *EX PARTE* APPLICATION FOR APPROVAL OF COMPROMISE OF CLAIMS OF MINOR PLAINTIFF L.D.

1  located at 21800 Burbank Boulevard, Suite 310, Woodland Hills, California, which

2  represents Plaintiff L.D. in this action.  Masongsong Decl. at ¶ 20.

3      2.    Plaintiff L.D.'s attorneys (the Law Offices of Dale K. Galipo) did not

4  become concerned with this matter at the instance of any party against whom the

5  claim of said minor is asserted.  Masongsong Decl. at ¶ 21.

6      3.    Plaintiff L.D.'s attorneys (the Law Offices of Dale K. Galipo) are not

7  employed by any other party or any insurance carrier involved in the matter.

8  Masongsong Decl. at ¶ 22.

9      4.    Plaintiff L.D.'s attorneys (the Law Offices of Dale K. Galipo) have not

10  to date received any compensation for their services in connection herewith from

11  any person.  Masongsong Decl. at ¶ 23.

12      5.    Plaintiffs L.D. and Juan Frias are the only Plaintiffs in the above-

13  referenced action.  Plaintiff L.D.'s attorney expects to receive $960,000 in

14  attorneys' fees as set forth above.  The settlement agreement provides for a payment

15  of statutory attorney fees in 2021.  Masongsong Decl. at ¶ 24.

16      6.    Plaintiffs' attorneys accepted this engagement for a contingency fee,

17  plus reimbursement for any costs advanced.  The retainer agreement provides for a

18  40 percent contingency attorney fee on any recovery Plaintiff L.D. makes on her

19  case by way of verdict or settlement.  Masongsong Decl. at ¶ 25.

20      Petitioner's Endorsement

21      Petitioner has made a careful and diligent inquiry and investigation to

22  ascertain the facts relating to the incident giving rise to the Plaintiff L.D.'s claims,

23  the parties responsible for the incident, and the nature, extent and seriousness of the

24  Plaintiff L.D.'s claims.  Petitioner further understands that if the compromise

25  proposed in this petition is approved by the Court and is consummated, Plaintiff

26  L.D. will be forever barred from seeking any further recovery of compensation even

27  though Plaintiff L.D.'s injuries and losses might in the future appear to be more

28  serious than they are now thought to be.  Petitioner Ms. DeLeon is informed and

10

1 believes that Plaintiff L.D. has made sufficient recovery from the effects of her

2 injuries and losses so as to justify the resolution of this matter in accordance with

3 the terms of the settlement agreement.  Petitioner recommends the compromise and

4 the proposed distribution to Plaintiff L.D. to the Court as being fair, reasonable, and

5 in the best interest of Plaintiff L.D. and requests that the Court approve this

6 compromise settlement and make such other and further orders as may be just and

7 reasonable.

8       Accordingly, Petitioner Desiree DeLeon, guardian *ad litem* for minor plaintiff

9 L.D., requests that this Honorable Court enter the proposed annuity attached to the

10 Masongsong Decl. as "Exhibit A" for Plaintiff L.D.  Alternatively, if this Court

11 declines to allow the monthly stipend to Petitioner Ms. DeLeon, which would be

12 used solely for the care and support of Plaintiff L.D., then Ms. DeLeon requests that

13 this Honorable Court enter the proposed annuity attached to the Masongsong Decl.

14 as "Exhibit B" for Plaintiff L.D.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNOPPOSED *EX PARTE* APPLICATION FOR APPROVAL OF COMPROMISE OF CLAIMS OF MINOR
PLAINTIFF L.D.

1  **III.     <u>CONCLUSION</u>**

2          For the reasons above, Petitioner Desiree DeLeon and Plaintiff L.D., through

3  her guardian *ad litem*, respectfully submit that this Court should enter the proposed

4  order and "Exhibit A" submitted concurrently herewith, or, in the alternative, the

5  alternative proposed order and "Exhibit B" submitted concurrently herewith.

6

7  Respectfully submitted,

8

9  DATED: November 24, 2020              LAW OFFICES OF DALE K. GALIPO

10

11

12                                        /s/ Renee V. Masongsong
                                         _____

13                                       Dale K. Galipo
                                         Renee V. Masongsong
14                                       *Attorneys for Plaintiff*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNOPPOSED *EX PARTE* APPLICATION FOR APPROVAL OF COMPROMISE OF CLAIMS OF MINOR
PLAINTIFF L.D.

1    **VERIFICATION BY MINOR'S GUARDIAN**

2        I declare under penalty of perjury pursuant to the laws of the United States

3    that the foregoing is true and correct.

4

5        Executed on this 24th day of November, 2020, at Los Angeles, California.

6

7    _____

8                    Desiree DeLeon

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

VERIFICATION BY DESIREE DELEON AS GUARDIAN AD LITEM FOR MINOR PLAINTIFF L.D.